Morrell *v.* Morrell.

---

SAME TERM.   *Edwards*, Justice.

MORRELL *vs.* MORRELL.

By the law, as it stood previous to the revised statutes, both a condonation of the defendant's offence, and acts of adultery on the part of the complainant, operated as a bar to a suit for a divorce.

But it *seems* the same effect was not given to a condonation of an act of adultery, set up by way of recrimination, as when set up on the part of the complainant.

The law regulating divorces being now regulated by statute, a condoned adultery

of the complainant is not a defence to a suit for a divorce, unless made so by the statute.

And under the provisions of the revised statutes, as a condoned adultery of the defendant will not entitle the complainant to a divorce, so a condoned act of adultery on the part of the complainant will not bar his suit for a divorce.

The complainant, therefore, has a right to go into proof to show under what circumstances he has been guilty of the adultery which is set up as a bar to his suit; and to have the issues framed accordingly.

Where the defendant, in a suit for a divorce on the ground of adultery, sets up in her answer acts of adultery on the part of the complainant, as a bar to the suit, and the complainant files a replication to such answer, he thereby takes issue not only upon the recriminating charges contained in the answer, but he makes another issue, viz. that the adultery charged against him was not committed under such circumstances as would have entitled the defendant, if innocent, to a divorce.

And in such a case, the court is bound to frame an issue not only upon the charge of the complainant's adultery, but also upon the circumstances under which he was guilty, if required by him to do so; provided the circumstances alleged in the proposed issue are such as, under the provisions of the revised statutes, will be a bar to the defendant's charge.

Upon a reference to a master to settle issues, in a case thus situated, it is the duty of the master to decide, as a question of law, what circumstances, under the statute, will be a defence to the charge against the complainant, and to frame an issue accordingly.

Where a denial of the adultery charged in the bill, and a condonation, are set up in the answer, they are the subject of separate issues.

Where the defendant, in a suit for a divorce, sets up the adultery of the complainant, as a bar, she must state the name of the person with whom the adultery was committed, if the person is known. If the person is unknown, that fact should be stated in the answer, and in the issue.

There must also be reasonable certainty as to time and place.

What is a reasonable certainty.

IN EQUITY. This case comes before the court upon exceptions taken by the defendant to a master's report, in relation to certain amendments proposed by him to a feigned issue; and upon a motion by him to amend the order of reference.

The plaintiff filed his bill against the defendant, for a divorce, on the ground of adultery. In her answer, the defendant wholly denied the allegations in the bill, and set up, as a defence, the adultery of the complainant. A feigned issue was drawn up, and various amendments thereto proposed on the part of the defendant. And an order was made, referring it to a master to settle the issues. Upon the reference, it was contended on the part of the complainant, that the master, within

Morrell *v.* Morell.

the terms of the order of reference, could not allow the amendments proposed; and the master disallowed them.

*H. P. Barber,* for the defendant.

EDWARDS, J.   There are two questions presented for my decision.   The first arises upon the motion to amend the order of reference to the master, and the second upon the exceptions to the master's report.   Upon the first motion there was a question raised as to regularity.   With the view that I have taken of the subject, it will not be necessary for me to consider that question.

The objection which is made to the order of reference is, that in that part of the order which refers to the framing of issues, upon the recriminatory part of the answer, the issues were directed to be made up for the purpose of determining whether the complainant was guilty of any of the adulteries imputed to him in the answer, " under such circumstances as would entitle the defendant, if innocent, to a divorce."   By the law, as it stood before the revised statutes, both a condonation of the defendant's offence, and acts of adultery on the part of the complainant, operated as a bar to a suit for a divorce.   But it would seem that the same effect was not given to a condonation of an act of adultery set up by way of recrimination, as when set up on the part of the complainant.   (*Beebe* v. *Beebe,* 1 *Hagg. Eccl. Rep.* 795.   *Wood* v. *Wood,* 2 *Paige,* 108, 111.) The reason assigned for this rule was, that the complainant was not *rectus in curia;* and being equally guilty with the defendant, he was not entitled to the assistance of the court.   But in reference to the question which is presented to me, I am not permitted to base my opinion upon the general principles applicable to equity jurisdiction.

The law regulating divorces is now the subject of statutory enactment.   And a condoned adultery of the complainant is not a defence, unless made so by the statute.   Under the provisions of the revised statutes, in reference to this subject, although the fact of adultery be established, the court may de-

ny a divorce, "when it shall be proved that the complainant has also been guilty of adultery, under such circumstances as would entitle the defendant, if innocent, to a divorce." (2 *R. S.* 145, § 42, *sub.* 4.) The question then arises, what are the circumstances under which the defendant, if innocent, would be entitled to a divorce? The circumstances must be those which are mentioned in the previous sections of the statute; for they contain all the provisions upon this subject. By section 38, it is enacted that "divorces may be decreed, and marriages may be dissolved, 1. When both husband and wife were inhabitants of this state, at the time of the commission of the offence: 2. When the marriage has been solemnized, or has taken place, within this state, and the injured party, at the time of the commission of the offence, and at the time of exhibiting the bill of complaint, shall be an actual inhabitant of this state: 3. When the offence has been committed in this state, and the injured party at the time of exhibiting the bill of complaint is an actual inhabitant of this state." And by section 42, "although the fact of adultery be established, the court may deny a divorce in the following cases: 1. Where the offence shall appear to have been committed by the procurement or with the connivance of the complainant: 2. When the offence charged shall have been forgiven by the injured party, and such forgiveness be proved by express proof, or by the voluntary cohabitation of the parties, with the knowledge of the fact: 3. When there shall have been no express forgiveness, and no voluntary cohabitation of the parties, but the suit shall not have been brought within five years after the discovery by the complainant of the offence charged: 4. When it shall be proved that the complainant has also been guilty of adultery, under such circumstances as would have entitled the defendant, if innocent, to a divorce." The first, second, and third subdivisions of section 38, and the first, second, and third subdivisions of section 42, contain all the provisions which are made by the statute, in reference to the circumstances which would entitle a party, if innocent, to a divorce. It was contended, on the argument, that subdivision 4, section 42, referred

Morrell *v.* Morrell.

to the three subdivisions of section 38, and not to the first three subdivisions of section 42. It may be that subdivision 4 of section 42, does refer to the subdivisions of section 38, but I know of no rule of construction by which I can make it refer to them exclusively. The subdivisions of section 38, refer to the place where the adultery was committed, the residence of the parties at the time, and the place where the marriage was solemnized. They do not refer to the circumstances connected with the act of adultery, but, rather to the situation of the parties at the time of the commission of the offence, or of exhibiting the bill of complaint, and that too, for the purpose of defining the jurisdiction of the court. On the other hand, the circumstances mentioned in the subdivisions of section 42, refer particularly to the circumstances under which the offence was committed, or resulting directly from its commission, that is, procurement or connivance, forgiveness, or a bar arising from lapse of time. If the defendant should be guilty of adultery under any of these circumstances, the complainant would not be entitled to a divorce ; and it necessarily follows that the court would not deny a divorce on proof of the defendant's adultery, though it should be proved that the complainant had been guilty of adultery under any of the circumstances above mentioned. And that, as a condoned adultery of the defendant would not entitle the complainant to a divorce, so a condoned adultery on the part of the complainant would not bar a suit for a divorce. The complainant, then, has a right to go into proof to show under what circumstances he has been guilty of the adultery which is set up as a bar to his suit.

The next question is whether the alleged objectionable clause was properly inserted in the order of reference. The complainant, by filing his replication, took issue not only upon the recriminating charges contained in the answer, but he made another issue, viz. That the adultery charged against him was not committed under such circumstances as would have entitled the defendant, if innocent, to a divorce. The latter issue was as distinctly made as if the complainant had set it up formally in his replication. Not, it is true, upon the face of the

Morrell *v.* Morrell.

pleadings, but by the operation of the statute. The court, then, were bound to frame an issue not only upon the charge of the complainant's adultery, but also upon the circumstances under which he was guilty, if required by him to do so; provided the circumstances alleged in the proposed issue were such as, under the provisions of the statute above cited, would have been a bar to the defendant's charge. The court, however, did not frame the issues, but delegated its powers to one of its officers; and, in doing so, it was proper that it should give him the directions contained in the order. The order, then, was substantially correct. But I have no doubt that the master erred in carrying out its directions. It was his duty to decide, as a question of law, what circumstances, under the statute, would be a defence to the charge against the complainant, and to frame an issue of fact accordingly. This he has not done, but, on the contrary, has referred it to the jury to decide whether the complainant had been "guilty of adultery under such circumstances as would have entitled the defendant, if innocent, to a divorce." It is true, that he afterwards goes on to specify, under a *videlicet*, what those circumstances are; but this he has done, not in the form of a distinct issue on behalf of the complainant, as he should have done, but as a qualification of the issue on the part of the defendant; which is clearly irregular. Where a denial, and condonation, are set up, they are the subject of separate issues. (*See Rule* 116, 4 *Paige,* 432.) With these views, I am led to the conclusion that the first, second, and third exceptions to the master's report are well taken.

The next question arises upon the refusal of the master to allow the fourth, fifth, and sixth amendments proposed by the defendant.

The objection made to these amendments was, that the charges contained in them were not sufficiently definite. The rule upon this subject, as deducible from the decisions, seems to be that it is necessary to state the name of the person with whom the adultery was committed, if the person is known; but if the person is unknown, that fact should be stated in the

answer, and in the issue. And that there must be reasonable certainty as to time and place. This leaves it, to a certain extent, to the judgment of the court to decide what is reasonable certainty. But, as in all cases of an analogous nature, the court will be governed, in exercising its judgment, by the standard which has been established by previous adjudications. The charge contained in the fourth proposed amendment is, that the complainant " on divers days during the months of June, July, August, September, and October, during the years 1844, 1845, 1846, and between the first day of June and the first day of November in the years aforesaid, at Fort Lee, Bull's Ferry, and Wehawken in the state of New Jersey, did repeatedly commit adultery with some female to defendant unknown; and more particularly, that the said complainant did, during the year 1846, commit adultery with the said female at a hotel at Fort Lee aforesaid." In this charge the person is alleged to be unknown, but the charge is confined to a single person. The places and times are mentioned, and the only question is whether they are stated with sufficient certainty. In the case of *Codd* v. *Codd*, (2 *John. Ch. Rep.* 224,) the charge was that the defendant " had, in numerous instances, both before and since their separation, committed adultery in this state, and elsewhere." In that case the person was not mentioned, nor alleged to be unknown, nor was the charge confined to a single person. The adultery was charged to have been committed in " this state, and elsewhere." A feigned issue was denied. In the next case, *Germond* v. *Germond*, (6 *John. Ch. Rep.* 347,) there was a charge of adultery committed in Rensselaer county, with a person named, and in " the city of New-York, with certain persons whose names were unknown." There were three counts framed upon these charges. The second charged, that the defendant had committed adultery in Rensselaer county, in May or July, 1817. And the third, that the defendant had committed adultery between the 1st of April, 1818, and the first of August, 1819, at the city of New-York. These counts were considered sufficiently definite as to time and place.

In the case of *Ferguson* v. *Ferguson*, (1 *Barb. Ch. Rep.* 604,) the charge was that the defendant, between the day of his marriage in March, 1843, and the 30th of September, 1844, had been guilty of adultery with some female in the city of New-York, and an issue was framed upon that charge.

I consider the charge made by the defendant as containing the material for an issue, equally definite with those which were framed in the two last cases above cited. The charge is more definite as to place, than in either of those cases, and not less definite as to time, than in the last case.

The charge contained in the fifth proposed amendment does not mention any place, and is very general as to time.

The charge contained in the sixth proposed amedment is too general as to time; and it neither confines the charge to a single person, nor does it contain the necessary allegation that the persons are unknown.

The first, second, third and fourth exceptions are allowed, the fifth and sixth are disallowed. The motion to amend the order of reference must be denied. The matter must be referred back to the master, to settle the issues upon the principles above laid down.

