## Morrell *vs.* Morrell.

In suits for divorce on the ground of adultery, feigned issues are only to be made up for the trial of the facts contested by the pleadings. The allegations expressly made on one side, and denied on the other, and those only, are to be tried.

Accordingly *held* that where the bill contains no allegation as to a condonation by the defendant, of adulteries committed by the plaintiff, an issue cannot be framed directing an inquiry whether, in case the plaintiff has been guilty of adultery since the intermarriage of the parties, it was committed without the procurement or connivance of the defendant, or not, or had been forgiven by her or not.

Where, in a suit for a divorce on the ground of adultery, the defendant makes a recriminatory charge of adultery, in her answer, the charge must be such that the defendant, if innocent, would be entitled to a divorce, if the charge were substantiated, upon a bill filed by her.

And in such a case, the adultery of the plaintiff should be set up in the answer, in the same manner, and be accompanied with the same allegations, as are required when charged in a bill. The answer should therefore allege that the adulteries of the plaintiff were committed without the procurement, connivance, privity, or consent of the defendant. And that allegation will form the proper subject of an issue.

In Equity.    The plaintiff filed a bill to obtain a divorce on the ground of adultery. The suit was commenced on the 22d day of January, 1847. The answer denied the adultery, and set up, among other things, that about the 2d day of July, 1843, the defendant, in consequence of ill usage by the plaintiff, left his house and went to her brother's. That after so leaving him she first suspected, and afterwards became satisfied, that the plaintiff had committed adultery with one Eliza Smith. About the 24th of July in the same year, the parties agreed to a reconciliation, and the plaintiff executed a deed settling some

property on the defendant, and agreeing in future to abstain from all intercourse whatever with the woman Smith. After this the parties again lived and cohabited together. The answer also, by way of recrimination, charged the plaintiff with having, on divers occasions, committed adultery with Eliza Smith and others, both before and after the 24th July, 1843. And that they were not committed by her procurement or connivance, or with her privity or consent. The plaintiff filed a general replication. An order of reference was made, to settle the issues to be tried by a jury; in which order a clause was inserted directing the referee to form an issue for the purpose of " determining whether the complainant is guilty of any of the adulteries imputed to him in the answer in this cause, as stated therein, under such circumstances as would entitle the said defendant, if innocent, to a divorce."

Various exceptions were taken to the decisions of the referee upon the execution of the order, which were brought up for review at a special term. And at the time they were argued the defendant moved to strike the clause above quoted out of the order of reference. The court refused the motion, and directed the manner of settling the issues. (*See* 1 *Barb. Sup. Court Rep.* 318, *S. C.*) Among the issues approved by the justice at special term, was one directing the jury to inquire, in case the plaintiff had been guilty of adultery since the intermarriage of the parties, " whether it was committed without the procurement or connivance of the defendant or not, or had been forgiven by her or not." This issue was objected to, on the ground that it was not within the issues found by the pleadings.

*E. Sandford,* for the defendant, made the following points. The special clause in the order of reference was improvidently inserted, and should be stricken out. It is not justified by the practice of the court, nor within the issues made by the pleadings. The issue presenting the question whether the plaintiff's adulteries were forgiven, is not within the issue made by the pleadings. The statute requires the issues to be confined to the matters contested by the pleadings. The defendant was

---

Morrell *v.* Morrell.

---

not required to allege, in her answer, that the plaintiff's adulteries were committed without her procurement, connivance, privity, or consent. These statements in the answer are surplusage, and cannot form the subject of an issue. A condoned adultery does not entitle a party to a divorce, yet it may be available as a defence. Hence the issue as to condonation is immaterial.

*J. W. Gerard*, for the plaintiff. The special clause in the order was right. If it were not, the appeal from the referee does not bring that question up here. The issue objected to is specifically directed by the order of reference, and that is conclusive here. The allegation in the answer that the plaintiff's adulteries were committed without the procurement, connivance, privity, or consent of the defendant, is broad enough to cover the issue. Condonation is subsequent consent. The plaintiff can only put in a general replication, and if condonation cannot be proved under the pleadings as they are, he is deprived of that answer to the charges.

*Sandford*, in reply. The plaintiff should have amended his bill, and by way of charges and pretences, presented the issue he erroneously seeks to make now.

*By the Court*, SILL, J. The defendant has not adopted the proper course to get rid of the objectionable clause in the order of reference. The counsel should have attended to the settlement of the order when entered, and if dissatisfied, appealed; or if the order was entered erroneously without notice, the course was to move to correct it before it was executed. We think the clause in question should not have been inserted in the order, being unnecessary and unusual in practice. The construction which we give to its language, leaves the duties of the referee the same as they would have been without it; although it is objectionable as tending to embarrass him with the decision of an important legal question, which more properly should have been disposed of previously, by the court. The

Morrell *v.* Morrell.

office of special directions to a referee is to settle, as far as practicable, the principles upon which he is to proceed, and to leave him unembarrassed by legal questions. The view we have taken of the case, however, renders the question unimportant, for we think the order, in its present form, as applicable to this particular case, amounts to nothing more than a general order of reference; as we do not regard condonation as one of the circumstances under which a party is *guilty of adultery*, within the true meaning of the contested clause. It is a never failing rule, as well in adultery cases, as all others, that to determine what evidence is admissible, we must look to the issues formed by the pleadings. In this case we have the statute superadded, enacting that "the court shall direct a feigned issue to be made up for the trial of the facts, *contested by the pleadings.*" The allegations expressly made on one side and denied on the other, are to be tried; not such as might have been available to either party, if they had been put into the case. The only question is what matters are in fact contested by the pleadings. As to the mutual charges of adultery there is no question.

By the standing rules of the court of chancery, a party suing for a divorce was required to allege, in his bill, that the adultery complained of was committed without his procurement, connivance, privity or consent. The recriminatory charges of adultery, in the answer, must be such that the defendant, if innocent, would be entitled to a divorce if the charges were substantiated upon a bill filed by her. A rational construction of the statute and the rule, we think, would require the adultery of the complainant to be set up in the answer, in the same manner, and be accompanied with the same allegations, as required when charged in a bill. The allegations in the answer, therefore, that the plaintiff's adulteries were committed without her procurement, &c. were necessarily inserted, and form the proper subject of an issue. But with great respect for the opinion of the learned justice who passed upon this case at the special term, we cannot agree with him that the question of their condonation is in any sense contested by the pleadings. The ar-

Morrell *v.* Morrell.

gument of the counsel that a denial of condonation is embraced in the denial of consent, is too obviously unfounded to require refutation. These negative allegations are always contained in a bill of this kind; and if they presented this question, the general traverse in the answer, putting them in issue, would present the defence of condonation. It has been repeatedly decided that in such a state of the pleadings the defendant cannot be permitted to prove this defence. Condonation of adulteries with Eliza Smith, committed prior to the 24th of July, 1843, is admitted by the answer itself, and no issue is necessary to give the plaintiff the benefit of this fact. But as to the other adulteries with which he is charged, forgiveness is nowhere alleged; nor does any fact appear from which it can be inferred. There is nothing whatever on the subject in the bill or answer. How then can it be said it is a fact contested by the pleadings? It is said that the rules permit only a general replication to be put in. And unless a plaintiff is permitted to have an issue upon the question, he is deprived of a legal answer to the charges against him. If such consequences did result, they would add nothing to the pleadings, and under the coercive admonition of the statute, we must still look to them to determine what facts are controverted by the parties. But no such consequence follows from our conclusions. Special replications have indeed gone out of use, but their office is supplied by anticipating the defence in the bill. This is the more convenient and appropriate method of meeting a special defence, and because it is so, the practice of using special replications is abandoned; not that the practice has been arbitrarily abrogated. It is rather superseded by the greater convenience of that substituted. Any defence may be met in this way, and if the plaintiff, by inadvertence or otherwise, omits this part of his bill, and when the answer comes in deems it important to meet the defence by special allegations on his part, he is always permitted, on proper terms, to amend his bill accordingly.

We agree with the learned justice, that the plaintiff had a right to go into proof of any matter which would meet the charges against him, and destroy their efficacy as a defence,

Morrell *v.* Morrell.

But he must exercise this right as others are allowed to exercise it. He must lay the foundation for such proof by proper allegations in his pleadings.

It was said also, on the argument, that when there is reason to suppose that there has been condonation, the court will, on its own motion, direct an issue to ascertain the fact. Such an intimation was thrown out in *Smith* v. *Smith,* (4 *Paige,* 435,) although the point was not presented in the case. Such a course might be proper to guard against a fraud upon the court, when there was reason to suppose a defence existed in fact, and the parties were seeking, by collusion, a decree dissolving a marriage contract. But when, as in this case, the omission of the party to meet the charge, tends to defeat the application for a divorce, the matter stands upon a different principle. If the plaintiff, by his own neglect, will permit his suit to be defeated by an unfounded defence, it need not excite the concern of the court.

In giving construction to the 42d section of the statute concerning divorces, the justice before whom this motion was argued at the special term, came to the conclusion that an adultery of a complainant condoned, was no bar to a suit for a divorce in his favor. That the circumstances under which the adultery must be committed, to constitute a bar under that section, were absence of " procurement or connivance, of forgiveness, or a bar arising from lapse of time." Even upon this construction of the section, the plaintiff would not, in this case, be entitled to the issue to try the question of forgiveness. We are not, however, prepared to give our assent to this construction of the statute. It declares that the court may deny a decree for a divorce, " when it shall be proved that the complainant has been guilty of adultery under such circumstances as would entitle the defendant, if innocent, to a divorce." The circumstances meant are undoubtedly absence of procurement or connivance, or any thing else which would involve the other party directly or indirectly in the guilt of the act. But it seems to us that condonation and lapse of time, (where they have transpired,) cannot appropriately, and within the meaning of the

Vol. III.                    31

Morrell *v.* Morrell.

statute, be taken as the circumstances under which a party is guilty. They have no connection with the commission of the offence. We do not allude to this point here for the purpose of deciding it; deeming it too important and questionable to be disposed of upon special motion. We refer to it here only to avoid the inference, (and we do it with great deference,) that the opinion delivered at the special term, upon the statute cited, has received our assent, as the law of the case. Its construction may still be involved in the final decision of the cause; and our object is to leave it unembarrassed by any expression of opinion here or at the special term. If adultery with others than the woman Smith, or with her subsequent to the 24th July, 1843, should be established, then this question might not arise. But if the defendant fail in proving these, but succeeds in showing guilty intercourse with Eliza Smith prior to that date, then the effect of a condoned adultery as a defence will be presented for consideration; and the issues should be so framed as to give the parties, if necessary, an opportunity of submitting this question to the court on the final hearing. Our conclusion is that the issue directing the inquiry whether the adultery of the plaintiff was committed by the procurement, connivance, privity, or consent of the defendant, is proper and should be allowed. The issue directing an inquiry whether the adulteries of the plaintiff have been forgiven, should be disallowed. And the issue directing an inquiry whether the plaintiff has been guilty of adultery with Eliza Smith, should be so framed that the answers will show whether they were committed, (if at all,) before or after the 24th day of July, 1843. The order made at the special term is modified accordingly, without costs to either party.