MARCELINE LESEUER *vs.* PIERREE LESEUER.

The words " such circumstances," in the 4th subdivision of § 42, 2 *R. S.* 145, which declares that although the fact of adultery be established, the court may deny a divorce, " when it shall be proved that the complainant has also been guilty of adultery under *such circumstances* as would have entitled the defendant, if innocent, to a divorce," do not refer to the circumstances, (of inhabitancy, &c.) mentioned in section 48 as defining when the court may decree divorces for adultery, but to the circumstances of procurement or connivance alone, mentioned in subdivision one of section 42.

The section virtually declares that although the court may have jurisdiction and power to grant the divorce, and the adultery on the part of the defendant shall be proved, yet the court shall not grant the divorce if the complainant has been guilty of adultery committed without the procurement or connivance of the defendant.

An answer setting up the adultery of the plaintiff, as a defense, need not allege either that the parties were inhabitants of this state, at the time of the commission of the offense; or that the defendant, at that time, and at the commencement of the action, was an actual inhabitant of this state.

DEMURRER to the answer of the defendant, in an action by the wife against her husband, for a divorce.

*F. S. Stallknecht,* for the plaintiff.

*Condert Brothers,* for the defendant.

Leseuer *v.* Leseuer.

SUTHERLAND, J.   This is an action for a divorce, on the ground of adultery.   The complaint alleges that the marriage took place in this state, and that the plaintiff, at the time the commission of the offenses charged, and at the time of the commencement of the action, was an actual inhabitant of this state.   The complaint also contains the other usual and necessary allegations of facts or circumstances, to show that the plaintiff, the court having jurisdiction of the cause of action, is entitled to a divorce by the provisions of the statute. (2 *R. S.* 145, § 42.)

The defendant by his answer admits the marriage, and that it took place in the state of New York; but denies the offenses charged.   The defendant, for a further and separate answer and defense, alleges that the plaintiff had been guilty of adultery with one Bosquet, at Toulouse, in France; that the act of adultery was committed without the consent, connivance, privity or procurement of the defendant; that five years have not elapsed since the discovery of the fact that such adultery had been committed; and that the defendant had not cohabited with the plaintiff since the discovery of such adultery. The answer does not allege either that the plaintiff and defendant were inhabitants of this state, at the time of the commission of the offense, or that the defendant, at the time of the commission of the offense, and at the time of the commencement of the action, was an actual inhabitant of this state.   The plaintiff demurs to this part of the answer, which sets up the adultery of the plaintiff as a defense, upon the ground that the facts stated therein do not constitute a defense.

I think the defendant is entitled to judgment on the demurrer.   By the statute, (2 *R. S.* 145, § 42,) although the fact of adultery be established, the court may deny a divorce, "when it shall be proved that the complainant has also been guilty of adultery under *such circumstances* as would have entitled the defendant, if innocent, to a divorce."   The plaintiff insists that the defendant would not be entitled to a divorce

for the adultery alleged in the answer to have been committed by her, because it does not appear from the answer that the defendant would be entitled to a decree of divorce from *this court* for such adultery ; or in other words, because the adultery of the plaintiff being alleged to have been committed in France, and there being no allegation in the answer, either that the plaintiff and defendant were at the time of the commission of the offense inhabitants of this state, or that the defendant at the time of the commission of the offense, and at the time of the commencement of this action, was an actual inhabitant of this state, this court (by 2 *R. S.* 144, § 38) would have no jurisdiction over such offense, and no power to grant the defendant a divorce for such offense, if innocent of the act or acts of adultery alleged in the complaint.

The question is, what do the words "such circumstances," in the 4th subdivision of § 42 of the statute, refer to ? Do they refer to the circumstances, of the inhabitancy of the husband and wife, of the actual inhabitancy of the injured party, &c., mentioned in § 28, to give the court jurisdiction; or do they refer to the circumstances of procurement and connivance, &c., mentioned in subdivisions 1, 2 and 3 of § 42 ; or do they refer to the circumstances mentioned in both sections ?

It is very clear to me that they do not refer to the circumstances mentioned in § 38, as defining when the court may decree divorces for adultery. I am inclined to think that they refer to the circumstances of procurement or connivance alone, mentioned in subdivision 1 of § 42.

The words of the 4th subdivision of § 42 are : "When it shall be proved that the complainant has also been guilty of adultery under such circumstances," &c. From the very words of the statute it would appear that the circumstances referred to must be precedent to, or cotemporaneous with, the commission of the offense. Section 38 declares when the court shall have jurisdiction. Section 42 virtually declares, that although the court may have jurisdiction and power to grant the divorce, and the adultery on the part of the defendant shall be proved,

Leseuer *v.* Leseuer.

yet the court shall not grant the divorce, if the complainant has been guilty of adultery committed without the procurement or connivance of the defendant. In such case, this section substantially applies to the plaintiff's case the moral or maxim, *"in pari delicto potior est conditio defendentis."*

As the answer avers not only that the adultery on the part of the plaintiff was committed without the procurement or connivance of the defendant, but also that there has been no condonation of the offense, and that five years had not elapsed since its commission, it is not necessary to decide in this case whether the words " such circumstances'' refer to all the circumstances previously mentioned in section 42, or only to the circumstances of procurement and connivance. I am very clear they do not refer to any of the circumstances mentioned in section 38 ; and if this is so, the defendant must have judgment on the demurrer, although they refer to all the circumstances mentioned in section 42.

The circumstances, of where the adultery of the plaintiff was committed, or where the marriage took place, or of the inhabitancy of either or both of the parties at the time of the commission of the offense, or of the commencement of the action, have nothing to do with the guilt of the plaintiff in a moral view ; and I think it is the guilt of the plaintiff in a moral sense, without any fault or connivance on the part of the defendant, which the statute intends to say shall prevent her or him from obtaining the divorce. (*See Morrell* v. *Morrell,* 1 *Barb. S. C. R.* 322 ; 3 *id.* 307.)

Judgment for defendant.

[NEW YORK SPECIAL TERM, April 2, 1860. *Sutherland,* Justice.]