# SUPREME COURT.

## FREEMAN MILLER agt. ELIZABETH C. MILLER.

In an action for *divorce* brought by the husband against the wife, for adultery, the defendant is entitled to an allowance as *counsel fees* to enable her to defend the action, where she interposes a defense of recriminatory charges of adultery against the plaintiff, including an act of adultery found against the plaintiff on a former trial, but which was shown to have been condoned by the wife.

And it is no valid objection to such allowance, that the parties to this action, on a former occasion, voluntarily, with the assent of their counsel, entered into an agreement for a separation from bed and board, and for a settlement of all suits between them; and that the husband in pursuance of that agreement transferred and delivered to the wife some $2,000, in property which she agreed to receive and accept in lieu of dower, and of all right in his property and "in full for all future charges or liabilities for her support."

*Jefferson Special Term, Watertown, March,* 1872.

THIS was an action for a divorce brought by the plaintiff against the defendant his wife, upon the ground of adultery.

The defendant upon a petition and upon the pleading in this case, moved for the allowance as counsel fees, to enable her to defend the action.

The complaint charges the defendant with numerous acts of adultery committed with various persons during the years 1870 and 1871. The answer interposes three defenses.

1. A general denial, except as to the fact of marriage.

2. Recriminatory charges of adultery against the plaintiff.

3. That in a suit brought by the defendant against the plaintiff in the year 1866, for a divorce on the ground of adultery in which the plaintiff as a defense interposed recriminatory charges of adultery against her, issues were framed and tried by a jury.

That upon such trial the jury in a special verdict, found that the defendant herein was innocent of the acts of adultery

charged against her, that the plaintiff herein was guilty of certain acts of adultery charged against him, but that the defendant had condoned the same by voluntary cohabitation with him of her knowledge thereof, and it is claimed that the plaintiff's adultery established by this verdict, though condoned, is available as a defense and is a bar to the action.

The plaintiff's counsel read various affidavits in opposition to the motion, tending to show, that for some time before the commencement of this suit, the defendant was engaged in keeping a house of prostitution. It also appeared, that a short time before the hearing of the motion, the defendant had been convicted in a criminal court, of keeping a bawdy house, but that in consequence of some error on the trial, the verdict was set aside and a new trial granted.

The plaintiff also showed, that in the year 1865, a suit was pending between him and the defendant in which the defendant asked for a temporary divorce, and an allowance from the plaintiff's property for her support, on the ground of cruel and inhuman treatment. That in March of that year, by advice of counsel on both sides, the suit was settled, and by consent a decree of separation was entered, in which an allowance for the support of the defendant was made from plaintiff's property, and that the parties have not lived together since.

Affidavits were also read on the part of the defendant, in reply to those of the plaintiff, by leave of the court, denying the acts of adultery charged against her, and also denying that she ever kept a house of ill-fame. It also appeared, that the cause had been referred to a referee to take the proofs in the case, and report the same to the court, with his opinion thereon.

D. O'BRIEN, *for motion.*
JAMES F. STARBUCK, *opposed.*

HARDIN, *J.*—It appears from the papers used on the

hearing of this motion, that in March, 1865, the parties to this action voluntarily, with the assent of their counsel, entered into an agreement for a separation from bed and board, and for a settlement of all suits between them; and that the husband, in pursuance of that agreement, transferred and delivered to the wife, some two thousand dollars in property, which she agreed to receive and accept in lieu of dower and of all right in his property and "in full for all future charges or liability for her support." And it further appeared, that the decree entered by the parties, provided that said property received by the wife under such agreement as alimony should be received by her "in ratification cancelment and extinction of all liability of the husband to support or maintain the wife, or to furnish her with necessaries, or any other thing." And upon these facts the learned counsel for the plaintiff claims, that the motion should be denied.

Were this motion made wholly to obtain alimony, the authorities cited would justify a denial of the motion. The wife having accepted the provision made for her in lieu of all claims for support, should not be allowed to hold and enjoy that property, and then cast herself upon the husband for him to support and maintain (*Rose* agt. *Rose*, 11 *Paige*, 166; *McDonough* agt. *McDonough*, 26 *How.*, 193; *Bartlett* agt. *Bartlett*, 1 *Clark Ch. R.* new ed. 466).

The wife in this action is not entitled to alimony *pendente lite*, because she has not made restitution, or offered to, of the property she received from her husband in pursuance of the agreement of March 1, 1865.

Formerly it was almost a matter of course to grant counsel fees to enable the wife to present her defense in an action for a divorce. And her denial under oath in some cases was held sufficient to justify the court in making an order requiring payment of counsel fees and expenses for her defense. And it has been repeatedly held, that her guilt or innocence would not be passed upon on affidavits (*Wright* agt. *Wright*, 1 *Edwards Ch.*, 62-255, 317; *Williams* agt. *Williams*, 3

*Barb. Ch.,* 628; *Wood* agt. *Wood,* 2 *Paige,* 108; *Osgood* agt. *Osgood,* 2 *Paige,* 621; *Hallock* agt. *Hallock,* 4 *How.,* 160; *Leslie* agt. *Leslie,* 6 *Abb. N. S.,* 193).

But it is insisted that the rule has been relaxed, and that this case comes within the modern rule (19 *How.,* 539; 42 *Barb.,* 515; 23 *How.,* 189; 26 *How.,* 194; 6 *Abb. N. S.,* 206).

If the only issue to be tried in this action related to the guilt or innocence of the defendant, the decision of the motion would be controlled by the opinion that might be entertained upon the questions involved in the numerous affidavits read on the motion. .

But the answer of the defendant sets up the guilt of the plaintiff, which if established would be a good defense, however guilty she may be of the acts charged upon her. And the answer also sets up the adultery of the plaintiff which is alleged to have been condoned.

To try these issues, I think, the defendant is entitled to an allowance. By the papers in this case it seems that a very interesting question of law is to be presented in respect to the condoned adultery of the plaintiff, and one upon which there is considerable conflict in the authorities.

It is proper there should be a more full argument before a decision of it (*De Anguillar* agt. *De Anguillar,* 1 *Huggard, Eccl.,* 789; *Foster* agt. *Foster,* 1 *Comist,* 146; *Kirkwall* agt. *Kirkwall,* 2 *Comist,* 297; *Johnson* agt. *Johnson,* 14 *Wend.,* 637; *Wood* agt. *Wood,* 2 *Paige,* 115, *and note; Monell* agt. *Monell,* 1 *Barb.,* 318, *S. C.,* 3 *Barb.,* 236; *Whispell* agt. *Whispell,* 4 *Barb.,* 217; *Johnson* agt. *Johnson,* 1 *Edw. Ch.,* 439; *Johnson* agt. *Johnson,* 4 *Paige,* 460; *Burr* agt. *Burr,* 10 *Paige,* 20).

An order may be entered directing the plaintiff to pay fifty dollars ($50), within thirty days (30) days, and upon the coming in of the referee's report on the evidence and the hearing of the motion to confirm the same, an application for a further sum may be made.