AUGUSTA BLECK, RESPONDENT, *v.* HERMAN F. BLECK, APPELLANT.

*Divorce — the adultery of the husband, connived at by the wife, does not prevent him from getting a divorce for her adultery.*

Upon the trial of an action brought by a wife to procure a divorce from her husband, on the ground of his adultery, it appeared that he had committed the adultery with her connivance and consent. The defendant alleged in his answer and proved upon the trial that his wife had committed adultery once before and once after the time at which he had committed it; and that he had not connived at or consented to her so doing, nor had he condoned her offense. *Held,* that her connivance at his adultery prevented her from using it as a defense, and that he was entitled to an absolute divorce.

APPEAL from a judgment, entered upon an order confirming the report of a referee.

*James Hamilton*, for the appellant.

*David Thurston*, for the respondent.

BRADY, J.:

This is an action to procure an absolute divorce on the ground of adultery. The defendant denied the charges of adultery made

against him, and recriminated by charges of adultery against the plaintiff, and asked affirmative relief in his favor. The referee to whom the action was referred found, among other things, that during one night in the latter part of August, or the beginning of September, 1878, the precise date of which could not be determined, the defendant, at his house in the city of New York, committed adultery and had carnal connections with one Clara Davis; that the plaintiff had not voluntarily cohabited with him since the discovery of such adultery, and had not condoned or forgiven it; that it was committed, however, by defendant with the connivance of the plaintiff, and that she consented thereto. He finds also that on two occasions, one before the defendant's act of adultery and one subsequent to it, the plaintiff committed adultery, and with two persons, and that the same was committed without the consent, connivance, privity or procurement of the defendant; that five years had not elapsed since he discovered the fact, and that he had not cohabited with the plaintiff since such discovery.

There is no dispute about the marriage between the parties, which is fully established. The referee found, as a conclusion of law, that the plaintiff was not entitled to a divorce, because of her conniving at the adultery which she alleged against the defendant and which was the only charge established, and that the defendant was not entitled to judgment for affirmative relief, because of his act of adultery; and further, that the connivance at such adultery by the plaintiff did not prevent her using it as a bar against the affirmative relief for which the defendant prayed. The defendant appeals from this judgment against him, refusing affirmative relief.

The question presented is, whether the defendant is entitled to the relief asked by him, namely, a decree of divorce against the plaintiff upon the ground of the adulteries committed by her. Under our statute (see Laws of 1877, page 180, chap. 168), such connivance operates as a bar to any proceeding predicated of it, and the result is, in legal contemplation, that no adultery of which she can take advantage was committed. This must be so because it cannot be used against the erring party, and for obvious reasons of public policy. It would be a very easy matter for dissatisfied married persons to connive at such an incident for the purpose of ridding

themselves of the marriage contract, and hence the prohibition against any such strategy. The plaintiff was not entitled therefore to a divorce. The defendant was entitled to a divorce because of the acts of adultery by the plaintiff, which were committed without his consent or connivance and which were not condoned, because he did not cohabit with her after the discovery of her criminality. The precise circumstances marking and establishing the connivance on the part of the plaintiff as to the defendant's adultery do not appear, because the appeal is presented to us upon the pleadings, and the report of the referee containing the findings of fact and of law and his opinion. The statute provides that divorces may be decreed and marriages dissolved whenever adultery has been committed by any husband or wife, although if the adultery be established the court may deny the divorce where the offense was admitted to have been committed by the procurement or connivance of the complainant; and where it shall be proved that the defendant has been guilty of adultery under such circumstances as would have entitled the defendant, if innocent, to a divorce. In this case the complainant has been guilty of adultery under such circumstances as would have entitled the defendant, if innocent, to a divorce. In other words, if he had not committed the adultery charged and found against him, he would have been entitled to a decree of divorce. The plaintiff would not have been entitled to any such remedy, even had she been innocent, because of her connivance and consent to the adultery charged upon the defendant. The defendant, in relation to his charges, must be regarded as a plaintiff who has conclusively proved his case against the defendant, whilst she has failed to establish her case against him, and the underlying question seems to be whether, regarding the defendant as the plaintiff in the action urging his charges of criminality, she has successfully answered them. The response is that she has not, for the reason that the defendant's act of adultery, which was committed with her consent and by her connivance, is not one of which she can avail herself.

Several cases supposed to have a bearing upon this subject have been cited by the learned counsel for the defendant, but they chiefly relate to the doctrines of condonation and are, therefore, not precisely in point and do not give much aid in the solution of the

question presented for consideration. The case of *Masten* v. *Masten* (15 N. H., 159) approximates more than any of the others to the case in hand. That was an action brought by the wife against her husband for an absolute divorce. The defense was the adultery of the plaintiff. The plaintiff proved the adultery in September, 1843. The defendant proved the defendant's adultery in 1834, but in answer it was shown that the defendant connived at and condoned the adultery. Parker, J., said: "It is very clear that the adultery thus procured and condonated cannot now be set up by him in bar of her allegation founded upon a subsequent offense."

In the case of *Leseuer* v. *Leseuer* (31 Barb., 330), decided in 1860, the court held that the words "such circumstances" in the statute cited was a virtual declaration that although the court may have jurisdiction and the power to grant the divorce, and the adultery on the part of the defendant shall be proved, yet the court shall not grant the divorce if the complainant has been guilty of adultery committed without the procurement or connivance of the defendant. It is the guilt of the plaintiff in a moral sense, without any fault or connivance on the part of the defendant, which the statute intends to say shall prevent her or him from obtaining a divorce.

It was said in the case of *Morrell* v. *Morrell* (3 Barb., 236), in reference to the statute that declares that the court may deny a decree for a divorce when it shall be proved that the plaintiff has been guilty of adultery under such circumstances as would entitle the defendant, if innocent, to a divorce. " The circumstances meant are undoubtedly absence of procurement or connivance, or anything else which would involve the other party directly or indirectly in the guilt of the act." And that interpretation seems to meet the proposition under discussion. The defendant, regarded as a complainant, has been found guilty of adultery under such circumstances as would not have entitled the plaintiff, regarded as the defendant, if innocent, to a divorce, because his adultery was committed by her connivance ; and the fact that the defendant's adultery was committed by her connivance would seem to call into application the observation of Dr. Lushington, in *Anchini* v. *Anchini* (2 Curteis, 213), in which he said : " It would, as the Queen's Advocate observed, be dangerous to hold, as a general principle, that a wife, having condoned the adultery of her husband, should thereby be placed in such a situation that she might

commit adultery herself without her husband having any control over her. \* \* \* I think such a principle would be dangerous to society and public morals." The result which is thus condemned and deplored is accomplished in this case, if the plaintiff, having connived at the defendant's adultery, is shielded by that circumstance from her dissolute conduct, and allowed to take advantage of her own wrong, conceived and carried out it may be for her own protection against her act of adultery previously committed. She will then, by her connivance, have placed the defendant in such a situation that she may, without endangering the marriage contract, commit acts of adultery although she has, in effect, condoned the offense of which her husband is guilty, by consenting to its performance. It is thought that the rules of society and public policy demand, that under such circumstances the defendant's conduct should afford no ground for the continuance of the marriage contract, and that the plaintiff shall assume the burdens of her guilty act in conniving at the adultery of the defendant. In other words it should be declared that she cannot take advantage of that circumstance. It must be regarded as one that has no legal vitality as a defense to the charges of the adultery preferred by the husband against her, and established by the evidence.

He is innocent, in legal contemplation, of any act which will prevent him from obtaining redress for her criminality subsequently committed, not condoned, and in reference to which there is no charge of connivance, no proof of consent or knowledge, and no proof of condonation by him.

For these reasons we think that the judgment of the referee was erroneous in not granting to the defendant the relief he asked, and that it must be reversed.

Davis, P. J. and Ingalls, J., concurred.

Judgment reversed.