FRANK M. KAMROWSKI, Plaintiff, *v.* ADA M. KAMROWSKI, Defendant.

Supreme Court, Kings Special Term, November, 1923.

Divorce — misconduct of defendant — condonation — subsequent misconduct of plaintiff — decree for defendant.

Where in a husband's action for divorce the defendant not only proves condonation of the adultery complained of but that the plaintiff committed adultery thereafter, defendant will be granted a decree.

ACTION for divorce.

*Edward C. Cohen*, for plaintiff.

*William F. McCormack* (*Maurice Brandt*, of counsel), for defendant.

MACCRATE, J. Plaintiff proved the adultery of the defendant. She, however, proved condonation, and, subsequent to the condonation, plaintiff's adultery.

In an attempt to defeat the counterclaim, plaintiff sought to involve a member of the bar as one of a raiding party. His description of the man who did enter the apartment was so unlike the member of the bar that the entire testimony of plaintiff had to be judged thereby. This, together with the unexplained absence of other occupants of the apartment on the night of the raid, left no room to doubt that he also was unfaithful.

Whatever the record discloses, either by plaintiff's proof or defendant's admissions as to her conduct, his condonation took from the proved adultery its power to bar judgment for her on the counterclaim.

In the following cases may be found vigorous and convincing arguments for a decree in favor of a husband or wife whose adultery has been condoned when, after that condonation, there is adultery on the part of the one condoning. *Seller* v. *Seller*, 1 Swab. & Tr.

482; *Cumming* v. *Cumming*, 135 Mass. 386; *Storms* v. *Storms*, 71 N. J. Eq. 549; *Masten* v. *Masten*, 15 N. H. 159; *Talley* v. *Talley*, 215 Penn. St. 281; *Anichini* v. *Anichini*, 2 Curt. 210; *Morrell* v. *Morrell*, 1 Barb. 318.

Judgment accordingly.