THOMAS J. RYAN, Plaintiff, *v.* EVELYN RYAN, Defendant.

Supreme Court, Kings County, June 13, 1928.

**Husband and wife — divorce — defense — adultery of plaintiff, five years prior to commencement of action, known to defendant, is not defense under Civil Practice Act, § 1153.**

In this action for divorce, adultery committed by the plaintiff more than five years prior to the commencement of the action and known by the defendant to have been committed at the time of its commission, is not a defense, within the meaning of section 1153 of the Civil Practice Act.

The test under the statute is not whether the plaintiff has offended, but whether the situation of the parties is such that the defendant could have obtained a divorce because of plaintiff's misconduct, and since the defendant could not maintain an action for divorce against the plaintiff because of the lapse of time, it follows that the plaintiff's misconduct is not a defense. '

ACTION for divorce.

*Maurice Janklow,* for the plaintiff.

*Joseph Lonardo,* for the defendant.

CROPSEY, J. This action is for divorce. The defendant denies the charges and pleads as a defense (but not as a counterclaim) the prior adultery of the plaintiff. Upon the trial I found both parties guilty of the acts charged. The defendant's act was of rather recent occurrence, while the plaintiff's act occurred more than five years prior to the commencement of the action and was known by the defendant to have been committed at the time of its commission. The parties have not lived together since the plaintiff committed his offense.

The legal question is whether the misconduct of the plaintiff occurring more than five years before the commencement of the action and then known by the defendant to have been committed bars the plaintiff's right to a judgment.

Section 1153 of the Civil Practice Act provides that a plaintiff is not entitled to a divorce, although adultery is established, (1) where the offense was committed by the procurement or with the connivance of the plaintiff; (2) where the offense has been forgiven by the plaintiff; (3) where the action was not commenced within five years after the discovery by the plaintiff of the offense charged; (4) " where the plaintiff has also been guilty of adultery under such circumstances that the defendant would have been entitled, if innocent, to a divorce." The decision of the question must turn upon the construction of this section, for the courts of this

State have no common-law jurisdiction over the subject of divorce and their authority is confined altogether to the exercise of powers conferred by statute. (*Ackerman* v. *Ackerman*, 200 N. Y. 72.) But few cases have been found that touch upon this question, and those arose under the Revised Statutes, which, however, contain in practically the same terms the language now found in section 1153.

In *Morrell* v. *Morrell* (1 Barb. 318) plaintiff sued for divorce and the defendant denied the charge and set up as a defense the adultery of the plaintiff. A feigned issue was drawn up and various amendments proposed, and an order was made referring it to a master to settle the issues. The decision was by the Special Term upon the coming in of the master's report. One of the objections was that an issue was directed to be made up to determine whether the plaintiff was guilty of the adulteries alleged in the answer " under such circumstances as would entitle the defendant, if innocent, to a divorce." The court considered the meaning of that quoted clause which was found in the Revised Statutes. It referred to the requirements of the statute to give the court jurisdiction in such an action as well as to the provisions now found in section 1153. It stated that the quoted clause might refer to the provisions relating to the jurisdictional provisions, such as residence, place of offense, etc., but that it did not refer to them exclusively but particularly referred (p. 322) " to the circumstances under which the offense was committed, or resulting directly from its commission, that is, procurement or connivance, forgiveness, or a bar arising from lapse of time," adding: "A condoned adultery of the defendant would not entitle the complainant to a divorce, so a condoned adultery on the part of the complainant would not bar a suit for a divorce." And the court held that a denial and condonation are subjects of separate issues. That case was modified upon appeal. (3 Barb. 236.) The opinion expressly states that the court does not decide the question discussed at the Special Term, " deeming it too important and questionable to be disposed of upon special motion " (p. 242). The opinion, however, does say that the appellate court is not prepared to give its assent to the construction of the statute in question as found by the Special Term. Referring to the words of the statute " under such circumstances as would entitle the defendant, if innocent, to a divorce," the court said (p. 241): " The circumstances meant are undoubtedly absence of procurement or connivance, or anything else which would involve the other party directly or indirectly in the guilt of the act. But it seems to us that condonation and lapse of time (where they have transpired), cannot appropriately, and within the meaning of the statute,

be taken as the circumstances under which a party is guilty. They have no connection with the commission of the offense."

In *Leseuer* v. *Leseuer* (31 Barb. 330), a Special Term decision, SUTHERLAND, J., following the dicta in the General Term opinion in the *Morrell* case, said that the clause in question did not refer to the jurisdictional question such as residence, place of commission of offense, etc., and added that he was (p. 332) "inclined to think that they refer to the circumstances of procurement or connivance alone," adding: "From the very words of the statute it would appear that the circumstances referred to must be precedent to, or cotemporaneous with, the commission of the offense." In that case, which was for a divorce, the defendant pleaded as a defense that the plaintiff had been guilty of adultery in France and that that act was committed without the connivance or procurement of the defendant, that it had not been condoned, and that five years had not elapsed since its discovery. The answer, however, did not allege all that the statute prescribes must exist to give jurisdiction. The plaintiff demurred to that part of the answer which pleaded the adultery of the plaintiff as a defense, on the ground that it was insufficient. Holding as it did, the court sustained the defense. The court said that the jurisdictional facts had "nothing to do with the guilt of the plaintiff in a moral view; and I think it is the guilt of the plaintiff in a moral sense, without any fault or connivance on the part of the defendant, which the statute intends to say shall prevent her or him from obtaining the divorce" (p. 333).

I find difficulty in reaching the conclusion arrived at in the last cited case and in adopting the language used by the General Term in the *Morrell* case. I do not see anything in the statute which indicates that it is the guilt of a plaintiff "in a moral sense" which shall prevent him from obtaining a divorce. A plaintiff who had committed adultery with the connivance or by the procurement of the defendant would be guilty of an immoral act and yet, concededly, in such a case that act would not defeat his action for divorce upon establishing the adultery of the defendant. The language of the statute seems to me to indicate plainly that it is not the mere fact that the plaintiff has been immoral, in having committed an act of adultery, that is to defeat his action for divorce.

Whether the misconduct of the plaintiff shall bar his recovery depends upon whether it could be made the basis of an action for divorce by the defendant. This is the express language of the statute. Where the adultery of a defendant is established the plaintiff shall not be denied a judgment because of his own adultery unless it has been committed "under such circumstances as would

have entitled the defendant, if innocent, to a divorce." If plaintiff's misconduct had been condoned by the defendant, that would wipe it out as the basis of any action for divorce unless there was a repetition of the injury. " Condonation is forgiveness legally releasing the injury." (*Beeby* v. *Beeby*, 1 Hagg. Ecc. 789, 793.) Or, having in mind that repetition of the injury revives a condoned adultery, condonation is better defined as " a conditional forgiveness." (*Smith* v. *Smith*, 4 Paige, 432, 436.)

A plaintiff who has been guilty of misconduct and has been forgiven and who has not again offended is in a situation no different from that of a plaintiff who has never offended. The language of the two decisions referred to would mean, however, if given the effect of law, that while a married person who had committed adultery and had been forgiven, and had not thereafter erred, might not be sued for divorce, the fact that he or she had committed that adultery would be a defense to an action brought by him or her for divorce, based on the adultery of the defendant committed perhaps long after the condonation. This, I think, is an illogical holding as well as an unnecessary and improper one under the statute.

The test under the statute is not whether the plaintiff has offended but whether the situation of the parties is such that the defendant could have obtained a divorce because of the plaintiff's misconduct. And if a condoned adultery would not be a defense, it must follow that an adultery committed to the knowledge of the defendant more than five years before the commencement of the action cannot be a defense. Such an adultery could not be the basis of an independent action because the statute prescribes that under such conditions the plaintiff shall not succeed although the adultery of the defendant be established. The bringing of an action is virtually barred by the lapse of five years after knowledge of the offense has been acquired. Under the statute in question nothing can be a defense unless it be sufficient as the basis of an independent action for divorce. As the defendant could not maintain an action for divorce against the plaintiff because of the lapse of time, it follows that the plaintiff's misconduct is not a defense.

Judgment for the plaintiff.