BOKEL v. BOKEL.

On a bill for divorce, containing an allegation (and no other) of adultery with
E. M., it is not enough for the master to report that the act was committed
with a woman whose name is unknown. The charge in the bill is the one
to be proved.

*Feb.* 11,
1840.

*Practice.*
*Divorce.*
*Master's*
*report.*
*Pleading.*

BILL for divorce on the ground of adultery. It had been
taken as confessed; and the case now came before the court
on the master's report.

THE VICE-CHANCELLOR observed:—The bill in this cause
was sworn to and filed on the thirty-first day of May, one thou-
sand eight hundred and thirty-nine. It contains a specific
charge (and none other) of adultery committed with one Eme-
line Morris, with whom the defendant contracted a subsequent
marriage about the commencement of the year one thousand
eight hundred and thirty-five and with whom he has since co-
habited in New York and latterly at Shrewsbury in New Jer-
sey, where they still live and cohabit, with two children, the
fruit of this adulterous intercourse. The reference to the mas-
ter was, to ascertain these facts. Instead of reporting the fact
of adultery committed with Emeline Morris, the master reports
that the defendant, in the year one thousand eight hundred and
thirty-eight, " committed adultery in the city of New-York
with a woman whose name is unknown." This is not the
charge in the bill; and does not warrant a decree : because it
is not the case made by the bill. But if the woman whose
name is unknown was Emeline Morris, where were the two
children ? Mrs. Homan, the only witness on whose testimony
the report can possibly rest, does not speak of any child or
children of the parties at the time they lived in her house from
December to May ; and yet, according to Egan, another wit-
ness, and upon the supposition that the woman now living
with the defendant in New-Jersey, is the same woman with
whom he contracted a second marriage, &c., they must have
had one, if not both of these children at the time they lived at

Mrs. Homan's.   But Mrs. Homan's testimony is hardly suffi-
cient to prove that the woman, who lived with the defendant
at her house, is not the complainant in this cause; she might
easily be mistaken as to the identity of persons after a lapse of
nearly two years; and the master ought to have required cor-
roborative testimony on that point: for it may be presumed
that the complainant could easily prove when she and her hus-
band separated and where she has been living since their sepa-
ration—and particularly that she was not living or cohabiting
with him at the time spoken of by Mrs. Homan.   With regard
to Woodruff and Egan's testimony, it fails to prove the allega-
tions of the bill, both as respects the defendant's cohabitation
with Emeline Morris and any cohabitation with any other
woman previous to the time of filing this bill.   They only
speak of what they have observed very recently and since this
bill was filed.

If the complainant thinks she can prove the specific charges
contained in her bill, the case may be referred back to a mas-
ter.   But, upon the present report and testimony, a divorce
cannot be had.

Mr. *D. Graham, Jr.*, for the complainant.