## SUPREME COURT.

### Irene Tim agt. Solomon Tim

*Indefinite and uncertain pleadings in action for divorce on the ground of adultery.*

The rule as to the time, place and person with whom adultery is alleged to have been committed.

The defendant, in his answer, averred that the parties with whom the adultery was committed are unknown to him. Neither did he state the times or places. *Held*, that while he was, perhaps, warranted in not giving the names of the persons because unknown to him, he is not warranted in omitting to state the times and places at which the offenses were committed.

Irrelevant and redundant matter as defenses in such actions.

*New York, Special Term, July,* 1874.

Motion to make fifth paragraph in answer more definite and certain, " by stating time and the name or names, and street or streets, or place or places, and the exact dates, with whom and where and when plaintiff has openly and notoriously prostituted herself for hire."

The complaint was in the usual form by wife against her husband for a divorce, *a vinculo*, on the ground of his adultery. The answer contained eight defenses; among others, that plaintiff was not his wife, and that he was never married to her, and denying any act of adultery on his part. The *fourth* defense alleged that the plaintiff's name was not Irene Tim, but was Irene Ashton. The *fifth* defense was as follows : " That, on the 20th day of March, 1869, the plaintiff was and ever since has been a common and notorious prostitute, and has, during all that time, openly and notoriously

prostituted herself for hire, and has, during all that time, at divers places in the city of New York, committed adultery with divers men, but with what particular men, or at what particular places in said city, this defendant is now unable to state more definitely. The *sixth* defense was an admission by defendant that he had committed "adultery" with the plaintiff, but that she was his mistress and not his wife, and that he had never held her out as such to the world, but that all his friends and acquaintances knew plaintiff to be his mistress and not his wife. The *seventh* defense alleged that he was engaged to be married to a very respectable young lady, of first-class standing in society, and the plaintiff becoming aware of the same, threatened to expose defendant's "adulterous" intercourse with her, and he, fearing exposure, paid her the sum of $800, and obtained from her a general release of all claims.

The *eighth* defense charged that the action was only brought to extort money. Upon motion, justice Donohue struck out the fourth, sixth, seventh and eighth defenses, as irrelevant and redundant, holding that there were but two questions under the pleadings which were properly in issue, and material: *First.* Was the plaintiff the wife of the defendant? *Second.* If she was, did plaintiff or defendant, or both, commit adultery? The motion to make the *fifth* defense more definite and certain is now made.

*George F. and J. C. Julius Langbein,* for plaintiff, for the motion.

*William F. Howe,* for defendant, opposed.

LAWRENCE, *J.*—The fifth paragraph of the answer must be made more definite and certain by stating the times when and the places at which the plaintiff committed the alleged adulteries.

The adultery of the plaintiff must be set up in an answer

Tim agt. Tim.

in the same manner, and must be accompanied with the same allegations as are required when the defendant is charged in a complaint with the commission of adultery (*Monnell* agt. *Monnell*, 3 *Barb.*, 236; *and see Anonymous*, 17 *Abb.*, 48).

In *Hyde* agt. *Hyde* (4 *Sand.*, 622), an allegation " that the defendant, in November, 1851, committed the offense in the city of New York, with a female whose name is unknown to the plaintiff, and the particular circumstances of which are unknown to the plaintiff," was held to be insufficient, and it was further held, "if the person be unknown, the complaint should state specifically the place where the offense occurred, and at a house specified, or the like." In this case the defendant avers that the parties with whom the adulteries alleged were committed are unknown to him, and, under the authority just cited, he is perhaps warranted in making the allegation, in that respect, in the form in which it is made, but he is not warranted in omitting to state in his answer the times and places at which the offenses were committed.

Motion granted to the extent above stated, with ten dollars costs of motion.