ALFRED MITCHELL, Appellant, *v.* MARY ANN MITCHELL, Respondent.

Where the complaint, in an action for divorce on the ground of adultery, avers the commission of the offence with a person whose name is unknown to plaintiff, at times between certain specified dates and in a town or city named, with the further averment that plaintiff is unable to state more particularly the times and places, it is sufficient to authorize evidence in proof of the offence so charged; and, if it be proved, to sustain the action although no proof be given of offences particularly charged.

*Codd* v. *Codd* (2 J. Ch., 224); *Germond* v. *Germond* (6 id., 347); *Wood* v. *Wood* (2 Paige, 113); *Bokel* v. *Bokel* (3 Edw. Ch., 376); *Heyde* v. *Heyde* (4 Sandf. Ch., 692); *Anonymous* (17 Abb., 48); *Strong* v. *Strong* (3 Robt., 719); *Pramagiori* v. *Pramagiori* (7 Robt., 302), and *Tim* v. *Tim* (47 How., 253) distinguished.

(Argued September 18, 1874; decided January term, 1875.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court at Special Term.

This action was for a divorce, on the ground of adultery.

The complaint, after charging the defendant with the commission of adultery in December, 1869, and January, 1870, with one John Shay, at a house on John street, in the city of Elmira, in this State, contained the following: " That, at divers times between the 1st day of May, 1869, and the commencement of this action, and at divers places in said city of Elmira, but at what particular times and places plaintiff is unable more particularly to state, said defendant has committed adultery with James H. Callaghan and Harry Bell, and with other men whose names are unknown to plaintiff." The defendant, by her answer, denied each and every of these allegations. The issues were tried at Special Term and the court found, as a fact, "that in the month of June, 1869, on or about the twenty-sixth day thereof, at the city of Elmira, in a vacant lot on the lower end of John street, the defendant herein committed adultery with a man known by the name of, and usually called, Bill Langford." Upon that finding (nothing having been found as to the charge of adultery with the persons named in the complaint) and upon the facts showing the marriage, the residence of the parties, etc., the court found, as conclusion of law, that the plaintiff was entitled to judgment against defendant, dissolving and annulling the marriage contract, " on account of the said adultery so committed by the defendant."

*J. R. Ward* for the appellant. The allegations of the complaint were sufficiently definite. (*Germond* v. *Germond*, 6 J. Ch., 347.) In case the allegations of the complaint were too indefinite, defendant's remedy was to move, before answering or demurring, that they be stricken out or made more definite. (*Martin* v. *Kanouse*, 11 How., 568; *Graham* v. *Camman*, 5 Duer, 699; Code, § 140; Sup. Ct. Rule 50; *N. Y. Ice Co.* v. *N. W. Ins. Co.*, 12 Abb., 74.)

*David C. Robinson* for the respondent. The action of divorce is one of purely equitable cognizance. (2 R. S. [Edm. ed.], 144, § 38.) Plaintiff must recover *secundum allegata et probata*, or not at all. (*Thomas* v. *Austin*, 4 Barb., 265; *Ferguson* v. *Ferguson*, 2 N. Y., 360; *Bailey* v. *Ryder*, 10 id., 363; *Rome Ex. Bk.* v. *Eames*, 1 Keyes, 588; *Crocket* v. *Lee*, 7 Wheat., 522; *Lyon* v. *Talmadge*, 14 J. R., 516; *James* v. *McKennon*, 6 id., 563.) The allegations of the complaint were not sufficiently certain. (*Codd* v. *Codd*, 2 J. Ch., 224; *Germond* v. *Germond*, 6 id., 347; *Wood* v. *Wood*, 1 Paige, 83; 2 id., 113; *Bokel* v. *Bokel*, 3 Edw. Ch., 376; *Kane* v. *Kane*, id., 389; *Morrell* v. *Morrell*, 1 Barb., 318; 2 Barb. Ch. Pr., 256; *Heyde* v. *Heyde*, 4 Sandf., 692; 17 Abb. Pr., 48; *Strong* v. *Strong*, 1 Abb. Pr. [N. S.], 238; 3 Robt., 675; 28 How. Pr., 432; *Pramagiori* v. *Pramagiori*, 7 Robt., 302; *Tim* v. *Tim*, 47 How. Pr., 253.)

LOTT, Ch. C. The judgment entered in accordance with the decision at Special Term, was reversed, on appeal, by the General Term, on the ground, as appears by an opinion "*per curiam*," that "under a complaint for a divorce, alleging the adultery to have been committed with persons named, and with other persons whose names are unknown to the plaintiff, in the absence of any statement of time and place, evidence of adultery with a person not named is not admissible, without proof being first made of adultery with one or more of the parties named; and that the court, at Special Term, "erred in refusing to strike out evidence of adultery with a person not named." No authority is cited or argument presented, or reason given in support of such rule; and I see no reason or principle which makes the admissibility of evidence, showing adultery with a person not named, to be dependent on the fact that proof had previously been introduced to prove the commission of the offence with one or more persons who had been named. The necessity of the evidence deemed inadmissible is not apparent in such a case, and it would seem to be useless and an act of superero-

gation to offer it.   If admissible at all, its only legitimate
object or purpose could be to prove and establish a separate,
distinct and independent act of adultery, constituting in itself
a cause of action.   The ground of the reversal is, therefore,
untenable, and does not appear to be relied on in this court
by the respondent's counsel.   He says, and properly, that
" there is but one vital point in this case," which is stated to
be, whether there is a sufficient allegation in the complaint
" to authorize the admission of the evidence of adultery with
Langford and support a judgment based upon it."   He then
advances the propositions, that the action of divorce is one
of purely equitable cognizance ; that " there is no general
rule of equity practice so fundamental and unyielding as that
the evidence must in all cases conform to the allegations of
the bill; in technical phrase, that a plaintiff must recover
*secundum allegata et probata*, or not at all ; " and, that " the
authorities on this point are overwhelming."   Upon the
basis of those propositions, he claims that the evidence of
adultery with Langford was inadmissible under any of the
allegations in the complaint.

Assuming, for the present, that the exceptions taken on the
trial are sufficient to raise that question, I am of opinion that
the claim is untenable, and is neither founded on principle
nor sustained by the decisions cited for that purpose.

The ground of the claim is, that no specific charge of adul-
tery with Langford is alleged, and that the time, place, and
circumstances of the commission of the offence with other men
than those named (but whose names were unknown to the
plaintiff) are not stated with sufficient certainty.   The statute
under which the plaintiff asked relief (2 R. S., p. 144)
declares that divorces may be decreed and marriages may be
dissolved by the Supreme Court, whenever adultery has been
committed, by any husband or wife, in certain specified cases
(affecting the question of jurisdiction, not necessary to be
here particularly set forth), but there is nothing therein
which requires the plaintiff to allege that the offence was
committed with any designated person, or at any specified

time, or at any particular place or locality in this State, nor, indeed, that its commission took place at all in this State, except in a single case, for the purpose of showing that the cause of action was within the jurisdiction of the court; but no judgment of divorce or dissolution of the marriage contract can be granted on the ground of adultery unless the *fact* of adultery is established by proof. The nature of the offence is such that, although there is no doubt in reference to its having been committed, there is, necessarily, often an impossibility of naming the party with whom the illicit intercourse was had. The husband or wife whose marital rights are to be invaded is not notified, it is reasonable to assume, of the intended violation of them, and, consequently, it cannot be expected that the injured party should have actual knowledge of the fact; and the act is generally perpetrated without the presence of a witness to attest to its commission, and the guilt of the offending party is sometimes ascertained by the development and existence of a disease proving the offence, or by the pregnancy of a wife, after the absence of the husband showing non-intercourse for a year or upwards, without any other evidence of the fact. Under such circumstances a decision holding that an allegation in a complaint stating that the defendant had committed adultery, within certain dates specified, in a town or city in this State, with a person whose name was unknown, without specifically designating the person, or the time and place, was insufficient to admit proof of the fact so alleged, would, in many cases, nullify the statute. Such a construction is not called for by public policy, or for the protection of the rights of a party against whom such a charge is made. The courts have required those particulars to be stated where it can be done; but where the offence is alleged to have occurred with a person whose name is unknown to the plaintiff, and that fact is alleged, it has been uniformly held that the allegation is sufficiently specific, and I do not understand that any well considered case holds it to be necessary that the *particular* locality or time of the commission

of the offence should be stated, when there is an averment that they are unknown and that a statement of the specific time and place cannot be made, to permit proof of the commission of adultery to be given under it.

The authorities relied on by the respondent will be briefly referred to. They are the following, viz.: *Codd* v. *Codd* (2 J. Ch., 224); *Germond* v. *Germond* (6 id., 347); *Wood* v. *Wood* (2 Paige, 113); *Bokel* v. *Bokel* (3 Edw. Ch., 376); *Kane* v. *Kane* (id., 389); *Morrell* v. *Morrell* (1 Barb., 318); *Heyde* v. *Heyde* (4 Sandf., 692); *Anonymous* (17 Abb., 48); *Strong* v. *Strong* (3 Robt., 719); *Pramagiori* v. *Pramagiori* (7. id., 302); *Tim* v. *Tim* (47 How. Pr., 253).

The bill, in the case of *Codd* v. *Codd*, after stating the separation of the parties and the particulars of cruel usage in justification thereof, then added: " That the complainant doth charge that the said defendant hath, in numerous instances, both before and since their separation, committed adultery in this State and elsewhere," without naming with whom or that the name of the person was unknown, or making any statement that the charge could not be more specific, or why it was so vague and general; and it was held that the adultery was not sufficiently specified to entitle the complainant to an award of a feigned issue to try it.

In the case of *Germond* v. *Germond* there had been a feigned issue awarded as to charges of adultery by the defendant with one W. C. F., in Rensselaer county, and with certain persons, whose names were unknown, in the city of New York.

The jury found that the defendant had committed adultery in Rensselaer county, not with W. C. F., but with another person, and the chancellor said that, so far, it might be claimed "that the defendant was taken by surprise, because she came to trial to defend herself only against a special charge of adultery committed with F. *in that county.*" He then added: " The feigned issue was, undoubtedly, warranted by the charges in the bill, and I entertain no doubt that it is sufficient, in a bill for a divorce for adultery, to charge the

offence as having been committed with one or more persons unknown to the plaintiff; and it would be very unreasonable and lead, in many cases, to a lamentable failure of justice to require the injured party to name the persons with whom the adultery was committed, when the fact might be unquestionable, and yet the name of the party unknown." After citing authorities in support of that opinion, he concluded it with the following statement and direction: " I have gone into this examination of analogous cases to show that, probably, the better opinion is that a charge of adultery need not specify the names of the persons with whom it was committed; and, certainly, it cannot, and need not, be required if the persons are unknown when the bill is filed. But, in this case, as the feigned issue specified a particular individual in the county of Rensselaer, and had no general charge as to that county, I conclude that the plaintiff should be confined to that specific charge. I shall, accordingly, set aside the verdict on account of the admission of evidence not warranted by the issue as it stood, and shall award a new trial and allow the plaintiff to amend the feigned issue as he shall be advised.

That opinion, it will be seen, concedes and holds that it is not necessary to name the person with whom the defendant has committed adultery, where his name is unknown, and no objection is made or suggested that the issues are improper or too broad in charging the commission of the offences to have been in the county of Rensselaer or in the city of New York, without the specification of any particular place therein.

In *Wood* v. *Wood* the defendant made an application, after putting in a general answer denying the adultery charged in the complainant's bill, and after a feigned issue was directed, among other things, to amend her answer. She stated in her petition that she had been informed that her husband had committed adultery with a particular person named therein, and with others whose names were not mentioned, and thereupon asked for leave to amend her

answer, by setting up these matters as a defence therein, and that the feigned issue might be made to correspond therewith. The chancellor permitted an amended answer to be put in. In the opinion given by him on the subject of the requirements of the pleadings in an action of adultery, he remarked, that "the only safe and prudent course is to require the charge, whether of crimination or recrimination, to be stated in the pleadings and in the issues in such a manner that the adverse party may be prepared to meet it on the trial. If the persons with whom the adultery was committed are known, they should be named in the defendant's answer, and the adultery must be charged with reasonable certainty, as to time and place; if they are unknown, that fact should be stated in the answer and in the issue, and the time, place and circumstances under which the adultery was committed should be set forth." In support of these views he said, that "when information sufficient to justify the charge is given, the party will be possessed of the requisite facts to put the charge in a distinct and tangible form on the record;" and after stating that the practice in the ecclesiastical courts of England was to set out all the principal facts of the case in the libel on the recriminating allegations, he said, that "perhaps it would not be reasonable to require so much particularity here. If the charges in the bill or answer are not sufficiently explicit, the parties may make that objection when an issue is applied for, and the court will then see that it is so framed that neither party shall take an undue advantage of the other at the trial." The last remark shows that the learned jurist could not have intended that the injured party should, in every case, be required to state the *particular* time or place where the adultery was committed. That, in many cases, would be impossible. The injured party might have sufficient evidence of the *fact* of adultery having been committed, by a defendant, from circumstances clearly establishing it, or by information derived from another person, satisfying him of its commission; and yet it may be impossible for him or her to state, with certainty, when or where

it was committed. The party giving the information may .communicate matters sufficient to warrant the belief, and a charge of actual guilt ; but he may be ignorant of the time and place of its commission, or for some cause fail to communicate any thing on the subject. The remark in the opinion, that where information sufficient to justify the charge is given, the party will be possessed of the requisite facts to put the charge in a distinct and tangible form on the record is, therefore, too broad. Indeed, it was assumed in the paragraph or sentence preceding it, that the party with whom the offence was committed might be unknown ; and that assumption shows that the remark was not intended to extend to all cases. When, therefore, it is said in general terms that the time and place when and where the adultery was committed should be set forth, the statement must be understood to apply only to the cases where the complainant has such knowledge or information of those facts as to enable him to state them. The rule prescribed by the chancellor is, as a *general* rule, proper, and should be applied where it is practicable ; but to make it of *universal* application would, as said by Chancellor KENT, in *Germond* v. *Germond* (*supra*), in speaking of naming the party with whom the offence was committed, " lead, in many cases, to a lamentable failure of justice ; " and a construction leading to such a result cannot reasonably be given to its requirements.

The case of *Bokel* v. *Bokel* came before Vice-chancellor McCOUN, for a decree based on the master's report of the facts, after the bill was taken as confessed. The bill contained a specific charge (and none other) of adultery, committed with one Emeline Morris ; and the master, instead of reporting that fact, or that such charge was sustained, reported that the defendant " committed adultery, in the city of New York, with a woman whose name is unknown ; " and the vice-chancellor said, and properly : " This is not the charge in the bill, and does not warrant a decree, because it is not the case made by the bill."

. In *Kane* v. *Kane* the same vice-chancellor, on the coming

in of a master's report of facts, after a reference to him in default of an answer, refused to grant a decree of divorce, stating that the testimony did not make out the case as stated in the bill; which contained, besides a specific allegation of adultery with John Stillwell, a general charge of the commission of the offence " with divers other persons, to the complainant unknown." He added: " This sort of a general charge is not sufficient to base a decree upon. Time, place and circumstances must be stated, though the names of persons with whom committed are unknown." The adultery proven by the testimony appears to have been committed with other persons than Stillwell, and to have been so notorious that, in the opinion of the vice-chancellor, the complainant could not have been ignorant of them, and that he should, therefore, have charged them in the bill; and, on the ground that such charge was not made, he refused to grant the decree.

The case of *Morrell* v. *Morrell* came before the court (so far as it is material to be noticed here) on exceptions taken by the defendant to a master's report in relation to certain amendments proposed by her to a feigned issue in reference to the charge of adultery set up by her as a defence to her husband's complaint, and disallowed by the master. The complainant objected to the allowance of the amendments on the ground that the charges contained in them were not sufficiently definite. EDWARDS, justice, in his opinion, given on the decision of the exceptions, said: " The rule upon this subject, as deducible from the decisions, seems to be, that it is necessary to state the name of the person with whom the adultery was committed, if the person is known; but if the person is unknown, that fact should be stated in the answer and in the issue, and that there must be reasonable certainty as to time and place. This leaves it, to a certain extent, to the judgment of the court to decide what is reasonable certainty; but, as in all cases of an analogous character, the court will be governed, in exercising its judgment, by the standard

which has been established by previous adjudications." He then said that the charge contained in the fourth proposed amendment was, that the complainant, "on divers days during the months of June, July, August, September and October, during the years 1844, 1845, 1846, and between the first day of June and the first day of November, in the years aforesaid, at Fort Lee, Bull's Ferry and Weehawken, in the State of New Jersey, did repeatedly commit adultery with some female, to the defendant unknown; and, more particularly, that the said complainant did, during the year 1846, commit adultery with the said female at a hotel at Fort Lee, aforesaid." After making that statement he referred to the cases of *Codd* v. *Codd* and *Germond* v. *Germond* (*supra*), and to the case of *Ferguson* v. *Ferguson* (1 Barb. Ch., 604), in which, he said, "the charge was, that the defendant, between the day of his marriage, in March, 1843, and the 30th of September, 1844, had been guilty of adultery with some female in the city of New York, and an issue was framed upon that charge;" and then concluded his opinion, in reference to the allegations above set forth, with this remark : " I consider the charge made by the defendant, as containing the material for an issue, equally definite with those which were framed in the last two cases above cited. The charge is more definite as to place than in either of those cases, and not less definite as to time than in the last case." He, thereupon, allowed the exception to the disallowance by the master of the said proposed fourth amendment. It may be pertinent, in this connection, to allude to the fact that the case of *Ferguson* v. *Ferguson* (*supra*) was decided in August, 1846, by the same chancellor who, in 1830, made the decision and the remarks in *Wood* v. *Wood* (*supra*), above particularly referred to, and he took no exception to the sufficiency of the charge, as above set forth, or to the issue framed thereon.

The case of *Heyde* v. *Heyde* came before Sandford, J., at a Special Term of the Superior Court of New York, on a motion, upon the default of the defendant to answer, for a reference to take proof of the adultery charged in the com

plaint. The report of it states the charge to have been, that
"the defendant, since the marriage, viz., in the month of
November, 1851, committed adultery with a female in the
city of New York, whose name is unknown to the plaintiff,
and the particular circumstances whereof are unknown to the
plaintiff, but which she expects to be able to prove at the trial
of this cause," and that judge denied the motion, saying,
that " it would be dangerous to proceed on such an indefinite
allegation. If the party have information sufficient to war-
rant the belief that the offence has been committed, or the
expectation that it can be proven at the trial, that informa-
tion must extend, at least, to the particular place or locality
where it occurred, though the name of the person with whom
may be unknown," and he referred to *Wood* v. *Wood* and
*Codd* v. *Codd* (*supra*), and, also, to 2 Barbour's Chancery
Practice, 256 ; the author of which based what he says as to
the requisite allegations to be stated in a bill of complaint on
those two cases, and that of *Germond* v. *Germond* (*supra*).
I deem it sufficient to say, in reference to the principal rea-
son assigned for that decision, that it is unsatisfactory and
unfounded. It does not necessarily follow that reliable
information, as to the fact of the commission of adultery,
"*must extend, at least, to the particular place or locality where
it occurred.*" The information may be based on matters
and circumstances, to which I have hereinabove alluded,
leading to a satisfactory conclusion as to the commission
of the offence, but giving no information whatever as to
the place where it occurred ; and an informant may have
communicated the fact of adultery to the plaintiff, stating in
general terms that it took place in a city or town, and,
indeed, without at all mentioning the place. It will also be
observed that there was no declaration or averment by the
plaintiff, in her bill or complaint, that she could not state
with more particularity in what part of the city of New York
the offence occurred ; the statement was only that the *par-
ticular circumstances thereof* were unknown to her, but that
she expected to be able to prove them at the trial. The alle-

gations were of such a vague and general character as to have justified and required the denial of the application, but not for the specific reason assigned.

The anonymous case in 17 Abbott, 48, can hardly be considered an authority on the subject under consideration. The learned referee who tried the case, Murray Hoffman, merely states in reference to it (his opinion being principally on other questions), that " the rule as to precision in averring the offence as to time, place and circumstance, is strongly stated by Chancellor WALWORTH, in *Wood* v. *Wood* (2 Paige, 108) ; and the history of the case of *Germond* v. *Germond*, there cited, is a striking example of the danger of allowing laxity of allegation in the material particulars of time, etc. ; " and after referring also to authorities on the question of pleading in actions for a separation, on the application of the rule above referred to, he rejects, " as entirely too vague," charges merely (as he states) alleging, in general terms, that the offences had been "frequently committed since the marriage, with persons unknown and at places which the defendant cannot specify." There appears to have been no specification of any place whatever, nor any allegation that the *time* was unknown, or could not be more particularly stated.

The case of *Strong* v. *Strong* came before the court on an appeal from an order settling additional issues in an action for a divorce commenced by a husband against his wife, on the ground of adultery, wherein she set up by supplemental anawer, different acts of adultery on his part. The judge who settled them refused to permit " an issue whether the plaintiff was guilty of adultery *at any time* before the *commencement of this action*," with the person mentioned in such answer. It was said by ROBERTSON, Ch. J., in sustaining the refusal, that it was very evident that the jurors who were to try such issue might answer the question in the affirmative " without at all *agreeing as to the occasion* of the offence ; " and, after referring to the latitude of inquiry allowed under the other issues which corresponded with the

allegations in the answer, he said there was no allegation in it of the offence, charged in such rejected issue, with the person named therein, except generally, "without reference to time or locality," and that it, consequently, was not one of "the facts contested by the pleadings" in the action which the statute authorized to be tried as an issue.

In *Pramagiori* v. *Pramagiori*, there was a motion made at Special Term, before Judge Jones, to amend the complaint. The report of it states that the complaint charged the adultery in the following language : "That, in the months of November and December, 1866, the said defendant committed several acts of adultery with one S. R. ; the said acts of adultery were committed in the sleeping-room of the plaintiff, at his residence in Broome street, aforesaid ; " and that the plaintiff asked to amend it by inserting, after the words "Broome street aforesaid," the following sentence: "and at a house of ill-fame in Spring street, and at divers other times and places in the said city." The amendment was opposed on the ground that it was too indefinite and uncertain ; and it was disallowed by the judge. In his opinion, given on the denial of the motion, he states that the general principle by which the sufficiency of a pleading in actions for divorce *pro causa* adultery is to be tested is, that the charge should be stated with such definiteness and certainty as will be sufficient to enable the defendant to know what he will be called upon to meet by proof at the trial; and that it has been adopted, as a general rule, that "the name of the person with whom, the place where, and the time when the adultery was committed should be set forth in the pleading ; " but he adds : "This rule, however, though general, is not universal. It is subject to modification to any extent required by the exigencies of the particular action, provided, however, that the above principle is not infringed." There does not appear to have been any affidavit or other evidence showing that the "divers other times and places in said city" could not be more specifically designated ; and the allegation in that respect was held insufficient. The learned judge also

said that he saw no reason why, in reference to the charge of the offence alleged to have been committed in Spring street, the number of the house, or at least the block in which it was situated, should not be given; that its commission was stated to have been at a recent date, and added: "If the plaintiff has discovered and is prepared with proof to establish this adultery, it would be singular if he had not discovered the locality with more particularity. It seems incredible that any witness who could prove the defendant's visits at this house could not also, after this short interval, prove the particular location of the house." The motion was, under the circumstances, denied, but without prejudice to renew as to the Spring street allegation, " upon particularly specifying the location of the house, or, if unable to do so, on referring to the particular nature of the proof" by which the allegation was to be supported.

In *Tim* v. *Tim*, an order was made to make an answer alleging that the plaintiff, " on a day named, and ever since, had, at divers places in the city of New York, committed adultery with divers men, but with what particular men, or at what particular places in said city, this defendant is unable to state more definitely," more definite and certain, by stating the times when and at the places at which the plaintiff committed ·the alleged adulteries. The motion was granted on the authority of the rule and requirements stated. *Heyde* v. *Heyde* (*supra*), which has herein before been commented on, and what was there said by me applies to the above order and also to the remarks of JONES, J., in *Pramagiori* v. *Pramagiori* (*supra*), on requiring the particular house where the adultery was committed — or at least the block in which it is situated — to be stated and designated; and I will here add, that I do not concede that where such statement or designation cannot be made, that the party must, as required by the judge, refer in his pleading to the nature of the *proof* by which the offence is to be established. Facts only, and not the evidence of them, can properly be alleged in a pleading.

I have, with this particularity, referred to these several cases and the decisions made therein, in deference to the claim of the respondent's counsel as stated in his points with great confidence, that " the decision of the General Term cannot be reversed without overturning the decisions of all the courts upon the subject for the last sixty years," and " that the rights of the respondent, the consistency of law, the dignity and security of the marriage relation and the well-being of society demand from the court an affirmance " of the judgment appealed from; and I am, notwithstanding the confidence with which the claim is asserted, constrained to differ from him, and to hold that the judgment of reversal was erroneous, and consequently should not be affirmed. The case decided by Judge HOFFMAN, as referee, is the only one that can be claimed as holding that proof of adultery cannot be given under such allegations as are contained in the complaint in the present case ; but, as I have before stated, it can hardly be considered any, and certainly not a controlling, authority on the subject. The allegations of the complaint therein, deemed to be insufficient, were very different from those contained in that under review; especially in the particulars to which I have referred on the consideration of its statements; and they appear to have been deemed immaterial in the determination of the merits of the controversy.

The case of *Germond* v. *Germond* was decided on the assumption, by the learned chancellor, that the issues were sufficient to admit proof of adultery, with a person whose name was unknown, at any place in the city of New York (no particular place therein having been specified) ; and he ordered a new trial solely on the ground that proof had been given of the commission of the offence with such person in Rensselaer county, where the only adultery alleged to have been committed was with a person named; and the verdict of the jury had been based on such proof. The questions decided in the other cases, where an answer had been put in, arose before the trial, either on the motions for, or on the settlement of issues, or on motions to amend the pleadings

or make them more definite and certain, or on some collateral question. The decisions made on the motions for a decree of divorce, in the cases where the bill was taken as confessed, were in the exercise of a judicial discretion to grant or refuse the relief, upon all the facts and circumstances disclosed, either by the allegations of the bill or complaint, or by the report of the master. In the present case no objection was taken to any proof in relation to adultery with Langford, when it was offered, as not authorized by the pleadings; and the refusal to strike it out afterward (assuming that it should not have been admitted if it had been objected to), was no ground for the reversal of the judgment at Special Term. We prefer, however, to place our decision on the merits, in accordance with the views above expressed. After expressing, or rather writing those views, the question was presented in the Court of Appeals in the case of *Tilton* v. *Beecher*, involving some of the matters above considered, and it was held that where a complaint in an action of *crim. con.* is not deemed sufficiently certain, as to the time or place of the criminal conversation charged, the proper remedy was to obtain a bill or statement of particulars, which it was competent for the court, in its discretion, to grant, for the purpose and object of preventing surprise at the trial. * This confirms my opinion and is, certainly, in harmony with it. It follows, that the order of reversal of the General Term was erroneous, and must be reversed, and the judgment of the Special Term must be affirmed.

All concur; GRAY, C., not sitting.

Order reversed.

Judgment accordingly.

* 59 N. Y., 176.