## SAMUEL CARDWELL, JR., RESPONDENT, *v.* ELLA A. CARDWELL, APPELLANT.

*Divorce on account of adultery — specification of time and place.*

Where, in an action for divorce on the ground of adultery, the complaint alleged that the defendant, from the 1st day of November, 1876, up to the time of the verification of this complaint, went to, visited, and at various houses or places of prostitution or assignation in the city of New York (which times and places plaintiff cannot particularize) committed adultery and had carnal connection with a person therein named, *held*, that the allegation should be rendered more definite and certain as to the place at which the adultery was committed.

APPEAL from an order denying a motion for a bill of particulars, or that certain portions of the complaint should be stricken out as vague and insufficient.

The action was brought to procure a divorce on the ground of adultery. After having alleged in the complaint that the plaintiff had committed adultery at certain specified places, between certain dates, with persons therein named it proceeded :

" Tenth. And the plaintiff, upon information and belief, further shows to the court and alleges that the said defendant from the 1st day of November, 1876, up to the time of the verification of this complaint went to, visited and at various houses or places of prostitution or assignation in the city of New York (which times and places plaintiff cannot particularize, and exclusive of the times and places in this complaint particularly mentioned) committed adultery and had carnal connection with the said John Hinckley."

*John Brunnemer*, for the appellant.

*Samuel G. Courtney*, for the respondent.

DANIELS, J. :

The action is for a divorce because of adultery and it has not been usual, in cases of this kind, to order a bill of particulars to be served. That cannot ordinarily be necessary in order to prevent surprise upon the trial, for the settled practice of the courts requires that the charges shall be accompanied with so much particularity of time and place as reasonably to inform the defendant of the criminal intercourse designed to be relied on as the basis of the action. That is essential for the support of the plaintiff's case as well as the proper protection of the defendant against fictitious and unfounded charges of misconduct. And where it may be omitted and success on that account improperly secured, no reluctance on the part of courts of justice would be felt in setting aside the verdict for the purpose of obtaining a fair and intelligent trial. The defendant would not be allowed to be overreached by evidence given to support charges so indefinite, as to be incapable of being met and properly contested.

The fourth, fifth, sixth and seventh paragraphs of the complaint charge the defendant with criminal misconduct with individuals, whose names are alleged and set forth, and the places are mentioned where it is supposed to have been committed. The only uncertainty is as to time, and that is stated to have been on

frequent occasions between different but not very distant dates. More precision in the designation of the dates is stated not to be within the ability of the plaintiff, and that is a sufficient reason for its omission. There can be no difficulty preventing the defendant from being prepared to meet these charges upon the trial. They are as pointed and precise as circumstances will allow, and sufficient within the rule maintained by the adjudicated cases. (*Wood* v. *Wood*, 2 Paige, 108; *Tim* v. *Tim*, 16 Abb. [N. S.], 39; *Mitchell* v. *Mitchell*, 61 N. Y., 398.)

The charge contained in the tenth paragraph of the complaint is much more indefinite by reason of the omission of any specific place. The individual has been named and the times between which the intercourse is stated to have occurred are set forth, but a statement of the places has been omitted. The allegation on that subject is that it was at various houses of prostitution or assignation in the city of New York. A charge so general even the most alert could not be expected to be prepared to meet with evidence. It comprehends too much space and too many suspected localities, and evidence under it could not fail to operate as a surprise upon the defendant. This should be rendered definite and certain as to the place intended to be referred to or it should be stricken from the complaint. Reasonable certainty as to these charges can only be secured by stating the place or places intended, and they can be given if the misconduct alleged has sufficient color of foundation to render it a proper subject of legal investigation. As to this paragraph the complaint should be made more definite and certain by stating the places where the misconduct is supposed to have occurred; and the order should be so far modified as to require that to be done. The former practice allowed the defect to be corrected by putting the issue to be submitted to the jury in definite form. (*Wood* v. *Wood, supra*, 113.) But the provision of the Code, under which a reasonable degree of definiteness and certainty in pleadings can be secured by motion, renders it unnecessary for the defendant to resort to that alternative.

The order should be so far modified as to require the plaintiff to amend the tenth paragraph of the complaint by stating the place or places where the misconduct is supposed to have taken place. And if that be omitted for twenty days after the service of a copy of the

modified order, then that entire paragraph should be stricken out of the complaint.

In all other respects the order should be affirmed without costs.

Davis, P. J., concurred.

Present — Davis, P. J., Brady and Daniels, JJ.

Order modified as directed in opinion, and affirmed as modified, without costs.