# EMORY S. GARDINIER, RESPONDENT, *v.* JAMES KNOX, APPELLANT.

*Bill of particulars — when it should be ordered in an action for slander.*

An unverified complaint in an action for slander set out four separate causes of action. The slanderous words set forth in the first were alleged to have been spoken on or about October 10, 1880; those in the second on or about July 10, 1880; those in the third on or about July 20, 1881, and those in the fourth on or about July 10, 1881. In each case the words were alleged to have been spoken at the town of Russell, and in the presence of "divers good and worthy citizens." The defendant moved for a bill of particulars, alleging in his affidavit that he had no knowledge, information, belief or suspicion as to the times

or places, or in whose presence the plaintiff expected to prove that he had made any of the statements or utterances alleged to have been made by him, and that a bill of particulars was necessary to enable him to properly prepare his answer, and to prevent his being surprised at the trial.

The plaintiff's attorney made an affidavit, in the absence of his client, in which he stated that he believed the plaintiff to be ignorant of the times and places and to be unable to state them further than they were stated, but he further said that he had personally visited the witnesses by whom the slanderous utterances were to be proved, and knew what they would testify to.

*Held*, that a bill of particulars should be ordered. (BOARDMAN, J., dissenting.)

APPEAL from an order made at a Special Term, denying a motion made by the defendant for a bill of particulars.

The action was brought by the plaintiff, a minister, to recover damages for slanderous utterances of the defendant, charging the plaintiff with having been guilty of adultery, fornication and lewdness, whereby the plaintiff was compelled to leave his congregation. Four separate utterances of different slanderous words were set out in the complaint, which was unverified, as separate causes of action. In the first they were alleged to have been uttered on or about October 10, 1880; in the second, on or about July 10, 1880; in the third, on or about July 20, 1881, and in the fourth, on or about July 10, 1881. In each instance they were alleged to have been uttered at the town of Russell, and in the presence of divers good and worthy citizens. The defendant moved for a bill of particulars, alleging in his affidavit:

"That deponent does not believe and cannot form an opinion as to the matters with which he is charged; that the charge is so vague that he does not know with what he is charged, except with the utterance of certain detached sentences at times and places and in the presence of persons not named and unknown to deponent. * * Deponent further says that he has no knowledge, information, belief or suspicion as to the times or places or in whose presence plaintiff expects or intends to prove, or even to assert, that this deponent made said alleged false and defamatory utterances, or any of them. That, as deponent is informed and believes, this action was brought for the purpose of vexing this deponent, and for the purpose of extorting money from him in settlement thereof. * * That plaintiff intends to surprise the defendant's counsel at the trial of this action with evidence which deponent cannot be prepared to meet other-

wise than with his own denial. That in order to enable defendant to properly answer said complaint, and in order to prevent surprise and to be prepared for the trial of this cause and to protect the rights of this defendant, it is necessary that defendant be furnished with a bill of particulars of the particular times and places of said alleged false and defamatory utterances, and of each of them; where said alleged utterances were made, or any of them, and of the names of the persons in whose presence the plaintiff alleges and intends to offer proof that said alleged false and defamatory utterances, or any of them, were made, and of the names of the persons whose contributions plaintiff lost by reason of said alleged utterances, and the amount and value of each one of said contributions which plaintiff did not receive, but which he would have received but for said alleged false and defamatory utterances; and that plaintiff's proofs be confined to the utterances, times, places and persons so stated in said bill of particulars; that without such a bill of particulars defendant cannot properly answer said complaint or safely proceed to trial of this action, or protect himself against false testimony and surprise."

*Morris, Kellogg & Morris,* for the appellant.

*Leslie W. Russell,* for the respondent.

LEARNED, P. J.:

The pleadings in this case are very similar to those in *Stiebeling* v. *Lockhaus* (21 Hun, 457). The difference, that the words in that case were spoken in German and in this in English, is immaterial on this motion. The place is stated as "at Russell;" the time as on or about the 10th day of October, 1880, and again as on or about the 20th day of July, 1880; the persons present as "divers good and worthy citizens." Where the complaint used similar words, the court, in the case above cited, ordered a bill of particulars. *Tilton* v. *Beecher* (59 N. Y., 176) is authority for the power. The question, then, is one of discretion.

The case of *Mitchell* v. *Mitchell* (61 N. Y., 398), cited by the plaintiff, was an appeal from a judgment, and only determines that on an allegation in a complaint charging adultery with a person

unknown to the plaintiff, evidence of adultery with a person not named might be admitted. That does not touch this case. But it is insisted by the plaintiff that he cannot furnish the particulars requested. This does not appear. The plaintiff makes no affidavit. His attorney states the plaintiff's absence, and says that he believes that the plaintiff is ignorant of the times and places, and is unable to state them further than they are stated. But the attorney himself says that he has visited most of the witnesses by whom plaintiff expects to prove his cause of action, and knows what they have stated that they will testify to. Therefore the attorney knows, or may know, at what spot the words were spoken; about what day, and in whose presence. So that there seems to be no inability on the plaintiff's part to give the information if it should be required. The defendant says, in his affidavit, that he has no knowledge, information, belief or suspicion as to the times or places, or in whose presence, the plaintiff expects to prove the alleged words. And certainly the complaint gives little information, for under it proof need not be confined to the day stated; it might be given as to any place within the town of Russell, and as to any persons shown to be present. If the defendant knew the times and place where the occurrence would be shown, he could obtain proof of his own whereabouts.

The learned justice who denied the motion seems to have been influenced in his denial by the case of *Turner* v. *James*, decided by this court in January, 1882. But that case was quite different. That was an action by a husband for the alleged seduction of his wife. The defendant asked a bill of particulars. It was shown, in opposition to the motion. that much of the evidence on which the plaintiff relied consisted of such conduct between the defendant and the plaintiff's wife as might lead a jury to infer that an improper intimacy existed, while the plaintiff did not know and could not ascertain any precise day or place at which the alleged adultery took place. If, therefore, he was limited to a precise day and place, he might be shut out from proving the alleged acts of familiarity, which were claimed to be evidence that the alleged wrong had been done. Nothing of that kind exists in this present case. Slander is not to be proved by suspicious acts, while the act of adultery can seldom be proved otherwise. And, in that particu-

lar case, the plaintiff stated that he was not aware that any single witness could prove the fact of adultery. The plaintiff also stated other facts, which we need not specify, and which showed that it would be hardly possible for the plaintiff to state the times and places with particularity. Under these circumstances the court thought that it was not a proper case for a bill of particulars. But we do not think that, as is suggested by the learned justice, there is any difference between this department and the first department in the principles applicable to such motions. Neither department would think it right to require a bill of particulars when it was not in the power of the plaintiff to give one, and each would require such a bill when it would tend to the fair preparation of the case for trial. The language used in the opinion in the case of *Stiebeling* v. *Lockhaus* seems applicable to the present case.

We think the order should be reversed, with ten dollars costs and printing disbursements, and the motion granted, with ten dollars costs, to abide the event of the action.

BOCKES, J., concurred.

BOARDMAN, J. (dissenting):

I think the complaint was good and sufficent. It is in no respect necessary to give the name of any person in whose presence the slanderous words were said, but they must have been said in the presence of others. That is a sufficient allegation in the complaint. That being so, I think no sufficient case is made why the plaintiff should give the names of his witnesses for the convenience or advantage of the defendant. I do not think the practice of asking for particulars is to be encouraged. Slander and libel cases have long been disposed of without the preliminary aid of courts in finding out who the witnesses will be in advance of the trial. Such proceedings are generally simply obstructions to the progress and prompt disposition of litigations.

I think the order should be affirmed, with ten dollars costs and printing disbursements.

Order reversed, with ten dollars costs and printing disbursements, and motion granted, with ten dollars costs, to abide event.