WOOG v. WOOG.

(Supreme Court, Appellate Division, First Department. March 22, 1901.)

1. DIVORCE—PLEADING—COMPLAINT—CERTAINTY—MOTIONS.

    Where a complaint for divorce stated the place at which and the person with whom the acts charged were committed, and the times were given as between January and April, 1900, and it was alleged the precise

dates were unknown, a motion to make the complaint more definite and certain was properly denied.

**2. SAME.**

A paragraph of a complaint in divorce charged that the defendant committed the acts charged during certain years, but the dates, places at which, and persons with whom such acts were committed were not mentioned, and there was only a general statement that such details were unknown to complainant. In opposition to a motion to make the complaint more definite and certain, complainant made affidavit that she was unable to give more particular designation; that she had received information of constant acts such as charged, but that she was unable to obtain the details as to time, etc., from her informants; but complainant failed to show that she had no means of obtaining the information, or that she had endeavored to do so, and failed. *Held*, that the motion was improperly denied.

Appeal from special term, New York county.

Suit for divorce by Bertina Woog against Julius Woog. From an order denying a motion to make the complaint more definite and certain, the defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Benno Loewy, for appellant.

Arthur Furber, for respondent.

PATTERSON, J. The motion was properly denied so far as it related to the allegations contained in the fourth paragraph of the amended complaint. The place at which and the person with whom the acts charged in that paragraph were committed are set forth. The times at which such acts were committed, namely, between the 1st of January, 1900, and the 30th of April, 1900, are sufficiently stated, in view of the further allegation that the precise dates on which such acts were committed are unknown to the plaintiff. But with respect to the allegation of the seventh paragraph the motion should have been granted. It is charged that the defendant committed acts therein referred to during the years 1899 and 1900, but the dates, places at which, and the persons with whom such acts are asserted to have been committed are not mentioned. There is only a general statement that such details are unknown to the plaintiff. While, under the ruling in Mitchell v. Mitchell, 61 N. Y. 398, this allegation may be good in a pleading to authorize evidence to be given where the defendant has answered and denied each and every allegation of the complaint, yet where so general an allegation is sought to be made definite and certain the court should require the pleader to state names, dates, and places, unless it is clearly made to appear that it is impossible to do so. All that is sworn to by the plaintiff in her affidavit in opposition to the motion is that she is unable "at the present time" to designate with more particularity than she has in her complaint the times and places of the acts set forth in the complaint, and she "at the present time" is not able to specify the names of the persons or the times or the places at which such acts were committed; that she has received information from many sources of constant acts such as are alleged in the seventh paragraph of the complaint during the time therein specified, and that she is unable to

obtain from the persons so informing her the names of the persons. with whom or the places where said acts were committed. She does not state that she has made any efforts to obtain specific information,. but seems to have based her allegation upon the general reputation of her husband. She does not make it appear that she has no means. at her command of obtaining that information. She claims to have been informed of facts with sufficient definiteness to enable her to, prefer a grave general charge against her husband. In answer to. this motion she should have shown at least that she has made endeavors to ascertain the facts upon which she founds her charges, and that, notwithstanding such efforts, she could not learn either the names of the persons with whom or the times and places at which the alleged acts were committed.

The order appealed from denying the motion should be reversed,. and the motion granted to the extent of requiring the plaintiff to make more definite and certain the allegations contained in the seventh paragraph of the complaint. All concur.