NICK LORENZO, Appellant, v. EMMA LORENZO, Defendant.

First Department, December 22, 1922.

**Husband and wife — divorce — allegation of adultery with unknown person sufficient — adultery proven and decree should have been granted.**

An allegation of adultery with an unknown person is a sufficient allegation upon which to found a decree of divorce.

In an undefended divorce action a decree should be granted where the evidence shows that the plaintiff left his home after being informed of the commission of adultery by the defendant and that thereafter the corespondent moved into plaintiff's home and lived there for some time in open adultery with the defendant, although the name of the corespondent was not shown definitely.

DOWLING, J., dissents.

APPEAL by the plaintiff, Nick Lorenzo, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 5th day of June, 1922, upon the decision of the court rendered after a trial at the New York Special Term dismissing the complaint.

*Leopold Klinger*, for the appellant.

No appearance for the defendant.

FINCH, J.:

The action is for absolute divorce. The defendant did not defend. The complaint alleges " that the defendant herein has committed adultery with various persons on or about and during the time covered between October 1st, 1920, to the present time at 612 East 161st Street in the Borough of The Bronx, City of New York, and at Silver Lake, East White Plains, New York, and at other places and lived in adulterous intercourse and committed adultery during said time with persons unknown to plaintiff." One of the witnesses testified as to the name of the corespondent. " I think his name was George Bang or something like that." Another witness testified: " Yes, she had plenty coming up there [referring to the home which the plaintiff had left] and then she had this one man, Mr. Bohn, whom she was living with." At the close of the plaintiff's case the court dismissed the complaint and held in its decision " that the plaintiff has failed to

prove the allegations of the complaint * * * without prejudice to a new action and without costs." It would seem that the plaintiff was so uncertain as to the correct name of the corespondent that he was entitled to name him as a person unknown. It is not necessary to consider this, however, for the Special Term specifically stated its ground for dismissing the complaint to be a failure of proof and permitted the plaintiff to bring a new action.

In so dismissing the complaint the learned court was in error, for not only were the allegations of the complaint sufficiently definite to sustain a decree, but there would seem to have been ample proof thereunder as to the facts constituting the adultery. An allegation of adultery with an unknown person is a sufficient allegation upon which to found a decree of divorce. (*Mitchell* v. *Mitchell*, 61 N. Y. 398.) The evidence showed that the plaintiff left his home after being informed of the commission of adultery by the defendant. Thereafter the corespondent moved into this same home, became possessed of a latch key, and lived there for some time in open adultery with the defendant. Apparently the defendant and the corespondent are still so living, though at a different address. It follows that the decree appealed from should be reversed and judgment directed for the plaintiff.

CLARKE, P. J., MERRELL and GREENBAUM, JJ., concur; DOWLING, J., dissents.

Decree reversed and judgment directed for plaintiff. Settle order before January first.